THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, v. DOLORES DARTMORE, APPELLANT.

*Trial of a person indicted for committing a crime — if the commission of the crime be established, he cannot be convicted of an attempt to commit it.*

Upon the trial of the defendant upon an indictment for an assault in the first degree, committed by shooting one Mary Jennings, it was proved that the defendant fired three shots from a pistol at the complainant, the ball from the first of which penetrated her cheek, the other two striking metallic buttons in

her dress; the shooting was admitted, but it was claimed to have been done in self-defense.

*Held,* that the court properly refused to charge, as it was requested to do by the defendant's counsel, that the jury might find him guilty of an attempt at an assault in the first, second or third degree.

That section 685 of the Penal Code, providing that a person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime was consummated, is only applicable to a trial upon an indictment for an attempt to commit a crime, and not to a trial upon an indictment for the crime itself.

APPEAL from a judgment of conviction of the defendant of an assault in the second degree, under an indictment charging an assault in the first degree in shooting one Mary Jennings, after a trial at the Richmond Oyer and Terminer.

*James Fitzgerald,* for the appellant.

*George Gallagher,* district-attorney, for the people.

DYKMAN, J. :

The defendant was indicted for an assault in the first degree committed by shooting one Mary Jennings, and convicted of an assault in the second degree.

A person who assaults another with a loaded fire-arm or any other deadly weapon, or by any other means or force likely to produce death, with an intent to kill a human being, or to commit a felony upon the person or property of the one assaulted or of another, is guilty of assault in the first degree.

A person who assaults another by the use of a weapon or other instrument or thing likely to produce grievous bodily harm under circumstances not amounting to the crime of assault in the first degree, is guilty of assault in the second degree. (Penal Code, §§ 217, 218.)

The defendant in this case fired three shots from a pistol at the complainant, the ball from the first of which penetrated her cheek, and the other two balls struck metallic buttons on her dress. The assault was witnessed by several persons and was not denied, and on the trial the shooting was admitted, but was claimed to have been done in self-defense. It being thus conceded that the defendant shot and wounded the complainant, the only question for the jury was whether the act was done in self-defense. If it was, the defendant

was entitled to an acquittal, and if it was not, the people were entitled to a verdict of guilty of assault in the first or second degree.

Upon the trial the defendant requested the court to charge that the jury can find the defendant guilty of an assault in the first degree, or an attempt at assault in the first degree, assault in the second degree or an attempt at assault in the second degree, assault in the third degree or an attempt at assault in the third degree, but the request was refused and the defendant excepted.

By section 35 of the Penal Code upon the trial of an indictment, the defendant may be convicted of the crime charged therein or of a lesser degree of the same crime or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime, but an attempt to commit a crime is an act done with intent to commit a crime, and tending, but failing, to effect its commission. (Penal Code, § 34.)

The serious question in this case is presented by section 685 of the Penal Code, by which a person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime was consummated, unless the court in its discretion discharges the jury and directs the defendant to be tried for the crime itself. That section, however, though somewhat indefinite, seems to be applicable only to a trial upon an indictment for an attempt to commit a crime and not to a trial upon an indictment for the crime itself, for if the indictment was for the crime itself there would be no necessity for discharging the jury and directing the defendant to be tried for the crime, as he would then be on trial therefor.

Section 400 of the Code of Criminal Procedure is in harmony with this theory, and seems to have been enacted with a view to the provisions of section 685 of the Penal Code. By that section of the Code of Criminal Procedure, if it appear by the testimony that the facts proved constitute a crime of a higher nature than that charged in the indictment, the court may direct the jury to be discharged and all proceedings on the indictment suspended, and may order the defendant to be committed or continued on, or admitted to bail to answer any new indictment which may be found against him for the higher offense. Here the defendant was indicted for the higher offense and the facts which constituted such higher offense were admitted, and the defendant had no right to ask the court to permit

the jury to convict her of the lesser offense if she failed to justify her assault upon the complainant.

Our conclusion, therefore, is that the instruction required from the judge to the jury was properly refused, and the conviction should be affirmed.

PRATT, J., concurred.

Conviction affirmed.