Motion for a new trial granted, with costs to abide the event.

MACOMBER and CORLETT, JJ., concur on the ground first stated.

---

PEOPLE v. ALDRICH.

(Supreme Court, General Term, First Department.   October 24, 1890.)

RAPE—CONVICTION OF ASSAULT.

    At the trial of an indictment charging, in different counts, rape and assault with intent to ravish, the evidence, if believed, proved the alleged intent to have been fully consummated. *Held*, that defendant could not be convicted of assault in the second decree, under Pen. Code N. Y. § 218, subd. 5, defining that offense as an assault "with intent to commit a felony," and that it was error to refuse a request to instruct the jury that there was no evidence "to sustain any verdict except the crime of rape."

Appeal from court of general sessions, New York county.

Indictment against Louis Aldrich, charging, in different counts, rape, and assault in the second degree, on Annie Purcell. From a judgment convicting him of assault in the second degree defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Ambrose H. Purdy*, for appellant. *John R. Fellows*, (*McKenzie Semple*, of counsel,) for respondent.

DANIELS, J. The defendant was tried upon an indictment containing five counts, three of which charged him with the crime of rape, committed upon

the person of Annie Purcell, and the others charged him with the crime of an assault upon the same person, with the intent to ravish her. The evidence produced to support the indictment exhibits a degree of licentious baseness and degradation seldom found in the female children of a large city. The complaining witness was under the age of 13 years, and with other companions of about her own age and condition visited the apartments occupied by the defendant as a physician. And they concurred in their testimony that on the first occasion when they were present there he, with their assent, took indecent liberties with each of them, but at that time extended his acts no further. But on the next visit made to his place by them, they testified that he had sexual intercourse with each of them, when they were together, and on the same bed, and that, if true, constituted the higher offense mentioned in the indictment. For that offense will be committed by a person having such intercourse with a female under the age of 16 years, when it takes place even with her own consent. The female, in judgment of law, is incapable of yielding consent to the act, and its commission is then made the crime of rape by the statute. The law has defined what must be proved to establish the commission of that crime. And the evidence of the child and that of her companions, if it was to be believed, proved that this crime had been committed. They corroborated her statements concerning what had taken place between herself and the defendant. There was no deficiency whatever in their evidence, and if it was truthful the defendant was guilty of the crime of rape, and of no other offense. He should therefore have been convicted of that offense, if the jury believed the witnesses. But that was not the result, for he was convicted of an assault with the intent to commit the crime of rape. This was done under subdivision 5, § 218, of the Penal Code, declaring it to be an assault in the second degree for a person to assault another with the intent to commit a felony. This crime consists of an act intended to result in the felony, but failing to complete that crime, and the defendant could be lawfully convicted of the assault only upon evidence proving the assault, but failing to consummate the crime really intended to be committed, and which was the final object of the assault. But that was not the offense which the evidence tended to prove. For that, if it could be accepted by the jury as credible, proved the alleged intent to have been fully consummated, and that merged the assault in the higher, and what was the completed, crime, and to convict the defendant of the assault on this evidence was to convict him of what it did not in any legal sense tend to prove was his crime. It was a conviction without evidence of the offense for which the verdict was rendered. In the course of the submission of the case to the jury the court was asked to charge "that there is no evidence here to sustain any verdict, except the crime of rape." The court declined to give this instruction otherwise than had already been charged, and to that the defendant's counsel excepted. And this exception was well founded, for the jury had not been instructed to that effect by the court. But the directions they had received placed them at liberty to convict the defendant of an assault in the second degree, and that there was no evidence to sustain. In the case of *People* v. *Thompson,* 41 N. Y. 1, the defendant was convicted of the crime of murder in the second degree, when the offense the evidence tended to prove was murder in the first degree, and it was the judgment of the court that the practice to be followed to avoid that inconsistency was to ask such a direction from the court as was requested in this case. But without that request, followed by an exception in case of its refusal, the point could not then be considered. That however, is no longer the law in this court, for now, by statute, a reversal may be directed where a material error has arisen, without any exception. The evidence of what was done by the defendant when these girls first visited the defendant's apartment supplied no foundation for this verdict, for no intent was in any form there made to appear to commit a felony, and that

intent is a necessary feature of an assault in the second degree, when it depends upon subdivision 5, § 218, Pen. Code. What is stated to have taken place on the first meeting of these persons was no more than an assault in the third degree, even if it could be legally held to have created that crime. *People* v. *Bransby,* 32 N. Y. 525. The offense of which the defendant was convicted was not proved, and the court should have given the instruction which was asked to the jury, and for the omission to do so the judgment should be reversed, and a new trial ordered. All concur.