## THE STATE OF KANSAS v. GEORGE A. MITCHELL.

1. RAPE — *Judgment of Conviction, Reversed.* In a prosecution for rape, where the party on whom the rape is alleged to have been committed testifies positively to the completed offense, and details the circumstances under which it was committed, and her evidence as to the principal facts is incredible, and disbelieved by the jury, and where there is no testimony in the case inconsistent with the entire innocence of the defendant, other than that of the prosecutrix, a verdict and judgment of conviction for an assault with intent to commit rape must be reversed.

2. —————— *Assault with Intent to Commit — Testimony of Prosecutrix.* The jury may not convict of an assault with intent to commit a crime, when it appears that the crime intended was in fact perpetrated by the person charged. In this case, if the prosecuting witness told the truth, the completed offense charged was committed, and the defendant should not have been convicted on such testimony of a mere assault with intent to commit the offense.

### Appeal from Ford District Court.

GEORGE A. MITCHELL, convicted of an assault with intent to commit a rape, appeals. The material facts appear in the opinion.

*Ed. H. Madison,* for appellant.

*John T. Little,* attorney general, and *F. A. Mitchell,* county attorney, for The State.

The opinion of the court was delivered by

ALLEN, J. : The defendant was charged with the crime of rape on the person of Ina Longwell, a woman of the age of 18 years. The undisputed facts in the case are, that Ina Longwell worked as a domestic servant for the family of J. C. Briggs, in Dodge City. On the 19th of November, 1893, she went to visit her mother, who lived at Fort Dodge, riding in a buggy with J. C. Briggs. On the road they passed the defendant, who was also riding in a buggy going to Fort Dodge. The mother of the prosecuting witness asked the defendant if her daughter might ride home with

him, to which he assented. About 7 o'clock, or a little before,
the defendant and the prosecuting witness started with his horse
and buggy to ride from Fort Dodge to Dodge City. They
arrived in Dodge City not later than about 9 o'clock that
evening. As to what transpired during the trip, there is no
testimony but that of the immediate parties, which is flatly
contradictory in every essential particular. The parties
started out on the road running south of the line of the
railroad. The prosecuting witness testified that when they
came to the stock yards, he turned north, crossed the rail-
road tracks, drove over to another road and turned back east.
She stated that she then told him that that was not the way to
Mr. Briggs's, and that she wanted him to take her right to
Mr. Briggs's; that when he turned to go east, she screamed
and tried to jump out of the buggy, but that he grabbed
hold of her, and held her in; that he whipped the horse into
a run, threw the lines over the dashboard, and held her with
both hands; that, after going about a quarter of a mile straight
east, he turned northeast across the prairie, and drove into a
kind of ravine between the hills; that there he stopped the
horse, got out of the buggy, and tried to take her out; that
she held to the side bars so that he did not succeed; that he
then got into the buggy, pulled her down off the seat so that
the small of her back was against the edge of the seat, and that
he there ravished her. The buggy is what is termed by the
witness a "piano box." It belongs to Mr. Juneau, a lumber
dealer, for whom the defendant was working. According to
the testimony of Mr. Juneau, which is all there is in the
record on the subject, the top of the cushion on the buggy
seat was $13\frac{1}{2}$ inches from the floor of the buggy box. From
the seat to the dash board the distance was 23 inches, and the
buggy box was 25 inches wide, inside measure. The jury
found the defendant guilty of an assault with intent to com-
mit rape, and on this verdict he was sentenced to confinement
in the penitentiary for the term of five years. The prosecut-
ing witness testified positively to the completed offense of
rape, committed in the small space above described in this

buggy box. The jury, notwithstanding her positive testimony, acquitted the defendant of the charge of rape, convicting him, however, of an attempt. In so doing they have found against the truth of her statements as to the principal fact testified to, while accepting her testimony as to minor matters. The explanation, and the only explanation, offered by the state for this result is, that the jury must have regarded her statements as to the manner in which the offense was consummated as incredible, and that they accepted so much as might have been true.

The liberties of citizens ought not to be taken away and severe punishment inflicted on such testimony. The prosecuting witness knew, if she knew any fact connected with this matter, whether or not the main offense charged had been committed. If it had not in fact, then she wickedly and corruptly sought to convict the defendant by perjury of that of which he was innocent, and she is utterly unworthy of belief. There is no other testimony in this case of any fact or circumstance, or of any act or declaration of the defendant, which is inconsistent with his entire innocence of any offense. The conviction, therefore, rests solely on the testimony of a witness whom the jury by their verdict have discredited and disbelieved as to the most important fact stated by her on the witness stand, and the fact concerning which, above all others, she could not possibly be mistaken. This court will not uphold a judgment resting for its only support on such a foundation. Section 418 of chapter 31 of the General Statutes of 1889, concerning crimes and punishments, provides:

"No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault, or in pursuance of such attempt."

If this witness told the truth, the section of the statute above quoted has been disregarded. If she was unworthy of belief, the jury should have acquitted altogether. The judgment is reversed, and a new trial ordered.

All the Justices concurring.