JULIA CAPITULA, as Administratrix of the Estate of SOPHIA CAPITULA, Deceased, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

*Negligence — railroads — trespass — insufficiency of evidence of wanton or reckless failure to stop train in time to avoid striking trespasser on railroad bridge.*

*Capitula* v. *N. Y. C. R. R. Co.*, 213 App. Div. 526, affirmed.

(Argued December 11, 1925; decided January 12, 1926.)

APPEAL from a judgment, entered July 9, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. Plaintiff's intestate, while walking across one of defendant's railroad bridges, was struck by a locomotive and killed. The Appellate Division held that decedent was a trespasser and that there was no sufficient evidence of wanton or reckless failure to bring the train to a stop in time to avoid the accident to sustain a verdict in favor of plaintiff.

*J. S. Carter* and *John H. Gleason* for appellant.
*Robert E. Whalen* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

NEW YORK DOCK COMPANY, Respondent, *v.* NEW YORK AND PORTO RICO STEAMSHIP COMPANY et al., Respondents, and HOWLAND TOWING AND TRANSPORTATION COMPANY, INC., Appellant.

*Negligence — master and servant — wharves and piers — ships and shipping — injury to pier from impact of steamship being docked — liability of owner of tugboat, through the negligence of the captain of which the accident occurred.*

*New York Dock Co.* v. *N. Y. & P. R. S. S. Co.*, 211 App. Div. 870, affirmed.

(Argued December 15, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial

department, entered January 9, 1925, unanimously affirming a judgment in favor of plaintiff entered upon the report of a referee. The New York Dock Company sued the defendants for an injury to its wharf caused by the impact of the steamship *Carolina* while being docked with the assistance of two tugboats. Defendant, appellant, Howland Towing and Transportation Company, Inc., was the owner of one tugboat. The owners of the other tugboat and the owner of the steamship were joined as parties defendant. The referee found that the injury complained of was due entirely to negligence in the navigation of appellant's tug *Howland.* Appellant contended that the captain of the *Howland* was not acting as the servant of her owner at the time of the damage in question, but was specially employed on behalf of the party in whose work he was engaged.

*I. Maurice Wormser, William J. Martin* and *George V. A. McCloskey* for appellant.

*Martin A. Schenck, Charles E. Hotchkiss* and *Alexander J. Feild* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

PHILIP FREEBOLD, Appellant, *v.* TOWN OF GLEN, Respondent.

*Negligence — towns — highways — bridges — fall of bridge while being crossed by motor truck loaded with gravel — action to recover for injury to motor truck and to driver — contributory negligence.*

*Freebold* v. *Town of Glen,* 211 App. Div. 249, affirmed.

(Argued December 15, 1925; decided January 12, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 9, 1925, reversing a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries and for injury to property alleged to have been sustained through the negligence of defendant. Plaintiff