THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIS H. COSAD, MARVIN CRANE and WILLIAM SHEAR, Appellants.

Fourth Department, December 23, 1937.

*Edwin M. Harvie,* for the appellants.

*Charles B. Brasser, District Attorney,* for the respondent.

EDGCOMB, J. The indictment charges the defendants with the crime of rape in the first degree. They have been found guilty of attempted rape.

The prosecutrix testified that, on the night in question, the three defendants assaulted her, and that Cosad and Crane overcame her resistance and had sexual intercourse with her, Cosad on two occasions and Crane on one. She insists, in no uncertain terms, that these defendants accomplished their purpose; that they fully carried out their intent; that the crime of rape was completed, and not interrupted or left unfinished. True, she is not corroborated as to the penetration, but no one contradicts her, and the facts and circumstances do not belie or discredit her statement. The defendants did not take the stand.

Under these circumstances one would expect a verdict of guilty of the crime charged, or one of not guilty. But not so in the instant case. The defendants have been absolved of the crime of rape, and have been found guilty of an attempt to perpetrate the very crime which, according to the undisputed evidence, they actually committed. The verdict is most illogical, and should not be permitted to stand. Under the circumstances disclosed by this record, neither section 610 of the Penal Law nor section 444 of the Code of Criminal Procedure may be availed of to uphold the judgment of conviction.

An attempt is an endeavor to do a certain act, but which falls short of execution. (*People* v. *Collins,* 234 N. Y. 355, 359.)

" An act, done with intent to commit a crime, and tending *but failing to effect its commission,* is ' an attempt to commit that crime.' " (Penal Law, § 2.)

How then can a person be convicted of an attempt to commit a crime when his effort has been successful? In such a case his course of conduct has brought his endeavor to its full fruition.

Failure to consummate the crime is as much a requisite to an attempt to commit it as the endeavor itself, or as the performance of an overt act towards its commission. (*Sullivan* v. *People*, 27 Hun, 35, 38; *State* v. *Mitchell*, 54 Kan. 516; 38 P. 810; *Graham* v. *People*, 181 Ill. 477, 488, 489; 55 N. E. 179; *Patrick* v. *People*, 132 Ill. 529, 534; 24 N. E. 619; *Hicks* v. *Commonwealth*, 86 Va. 223, 226; 9 S. E. 1024.)

Notwithstanding the provisions of section 610 of the Penal Law and section 444 of the Code of Criminal Procedure, it has repeatedly been held that the power to convict of an attempt to commit a crime exists only in cases where the evidence justifies such a conviction. (*People* v. *Murch*, 263 N. Y. 285, 289; *People* v. *Martone*, 256 id. 395, 397; *People* v. *Seiler*, 246 id. 262, 266.)

To successfully defend the verdict in the instant case, the jury must have found that the defendants failed to accomplish their purpose. There is not a scintilla of evidence to sustain such a finding. The proof all points in the opposite direction. The conviction here stands with no evidence to support it.

It is very true that a jury is not always bound to believe all that a witness says, but here the complaining witness was called by the People; they vouched for her credibility and held her out as worthy of belief. (*Hanrahan* v. *New York Edison Co.*, 238 N. Y. 194, 197; *Potts* v. *Pardee*, 220 id. 431, 433; *Pollock* v. *Pollock*, 71 id. 137, 152; *Capitula* v. *N. Y. C. R. R. Co.*, 213 App. Div. 526, 528; affd., 241 N. Y. 614; *Tryon* v. *Willbank*, 234 App. Div. 335, 337, 338.)

No one knew better than she whether the assault culminated in the act of sexual intercourse or whether Cosad and Crane failed to accomplish the very thing which they set out to do. When she testified that there was a sexual penetration, she knew whether that was so or not. She could not have been mistaken on the subject. If we are to believe her testimony as to the events which led up to her alleged defilement — and the jury must have done so or else they could not have returned the verdict which they rendered — I think that they were bound to accept her statement that the act of penetration took place, in view of the fact that her evidence is not disputed, discredited or improbable. Accepting the rest of her testimony as worthy of belief, it is altogether likely that the intent of the defendants, when they laid hands on the complainant, was carried to full effect, and that their endeavors were successful. There is no intimation that there was any intervention of a third party to prevent the consummation of the offense. Complainant assures us that her efforts in that direction were unavailing. At any rate there is no evidence that the illicit plan

of the defendants was not fully carried out, and the jury had no right to speculate upon that subject, or to base their verdict upon the mere supposition, or surmise, that may be, after all, the endeavor of the defendants fell just short of accomplishment.

An attempt to commit a crime is merged in the completed crime. If the defendants have been proven guilty of any offense whatever, it is the one for which they were indicted, and they could not properly have been found guilty of any other. (*People* v. *Aldrich*, 58 Hun, 603; 11 N. Y. Supp. 464; *People* v. *Dartmore*, 48 Hun, 321; *State* v. *Mitchell*, 54 Kan. 516; 38 P. 810.)

In *People* v. *Dartmore* (48 Hun, 321) defendant, who was indicted for assault in the first degree, admitted that she shot one Mary Jennings, but claimed that she was acting in self-defense. It was held that a request to charge that the defendant might be found guilty of an attempt to commit an assault in the first degree, or of assault or attempted assault in a lesser degree, was properly denied; that the facts which constituted the higher offense, being admitted, did not give the jury the right to convict the defendant of a lesser crime, if she failed to justify her assault upon the complainant.

In *People* v. *Aldrich* (58 Hun, 603) the opinion in which case will be found in 11 New York Supplement, 464, the defendant was charged in different counts of the indictment with rape, and assault with intent to ravish the complainant. The evidence, if believed, showed that the alleged intent had been fully consummated. It was held that defendant could not be convicted of an assault with intent to commit a felony, and that the jury should have been instructed that there was no evidence to sustain a conviction of any crime except that of rape.

In *State* v. *Mitchell* (54 Kan. 516; 38 P. 810) the defendant was indicted for rape, but the jury found him guilty of assault with intent to commit rape. The prosecuting witness testified that the defendant tried to pull her from the buggy in which they were riding, and, upon being unable so to do, forced her from the seat and in the small space between the seat and the dashboard — a distance of twenty-three inches — ravished her against her will and over her protest. She testified positively to the completion of the offense. Although some doubt might be thrown upon the accuracy of her testimony in the latter regard, due to the peculiar circumstances under which she claimed she was raped, the court held that the jury was not justified in accepting her testimony as to the more or less unimportant details of the transaction, and rejecting it when it came to the main offense charged. The judgment was not permitted to stand.

Section 260 of the Penal Law will not save this judgment. That section is applicable only to a trial upon an indictment for an attempt to commit a crime, and not to one upon an indictment for the crime itself. (*People* v. *Dartmore*, 48 Hun, 321, 322.)

It is urged that because a conviction for rape cannot be had upon the unsupported testimony of the woman defiled (Penal Law, § 2013), and because the complainant's evidence of penetration was not corroborated, the jury was justified in rejecting that part of her testimony and accepting the rest. The Penal Law does not brand the unsupported evidence of a ravished female as totally unreliable; it simply says that her assertions, because of the difficulty of disputing them, must be supported by other evidence before a defendant can be convicted of rape.

The complainant's evidence as to the actual completion of the crime is not disputed or discredited, nor is it suspicious, unlikely, improbable or incredible. Under these circumstances we must, I think, accept it, along with the other testimony of the complaining witness, or all of her evidence must be repudiated.

A defendant may not be found guilty of a crime in any case when there is a reasonable doubt of his guilt. (Code Crim. Proc. § 389.) Whether we accept or discard the testimony of the prosecutrix relating to the actual sexual penetration, the defendants have not been proven guilty beyond a reasonable doubt of the crime for which they have been convicted. The doubt is all the other way. If we are to believe anything the complainant has said — if we are to credit her testimony as to the efforts of the defendants to defile her — there can be little, if any, doubt that appellants were successful in their endeavor. Under these circumstances I hardly see how the failure of the People to corroborate complainant's testimony as to the completion of the offense can be availed of to save this verdict.

Whether complainant's resistance to the embraces of the defendants was more passive and feigned than real or genuine was a question of fact for the jury, and need not be discussed here.

Inasmuch as the judgment appealed from is in conflict with the views herein expressed, it should be reversed upon the law and the facts, and a new trial should be had.

All concur, except Crosby and Taylor, JJ., who dissent and vote for affirmance. Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

Judgment of conviction reversed on the law and facts and a new trial granted.