THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK NAPOLITANO, MICHAEL MAWRIELLO and ROCCO COROZZO, Defendants.

County Court, Kings County, November 10, 1938.

*William F. X. Geoghan, District Attorney [Edward H. Levine* of counsel], for the plaintiff.

*Walter R. Hart,* for the defendants.

FITZGERALD, J. This is a motion to inspect the grand jury minutes for the purpose of moving to dismiss certain counts of an indictment on the ground that the competent evidence is insufficient to sustain the counts.

The defendants have been indicted for kidnapping, attempted sodomy, attempted rape in the first degree and assault in the second degree.

The motion is predicated upon the fact that the complainant testified on the hearing in the felony court that all of the defendants had had sexual intercourse with her at the time and place specified under circumstances which established the crime of rape in the first degree.

It is contended that if the defendants actually had sexual intercourse with the complainant, the attempt to commit such an act is merged in the act itself, and that no indictment would lie, and no conviction could be had, for an attempt to commit the crime actually consummated. (*People* v. *Cosat,* 253 App. Div. 104; *People* v. *Aldrich,* 58 Hun, 603; *People* v. *Dartmore,* 48 id. 321.)

The defendants are indicted not only for attempted rape in the first degree but for kidnapping, attempted sodomy and assault in the second degree. It is not contended that the evidence before the grand jury is insufficient to sustain the other counts.

Joinder of the counts alleging the several crimes is authorized. (Code Crim. Proc. § 279, added by Laws of 1936, chap. 328; *People ex rel. Pincus* v. *Adams*, 274 N. Y. 447.)

Upon applications to dismiss indictments for lack of competent legal evidence the entire indictment must be considered. It has never been the practice on such motions to segregate the counts, and consider them as independent charges to be disposed of separately. The indictment stands or falls as an entirety.

It is urged that under section 279 of the Code of Criminal Procedure, permitting the joinder of various crimes in one indictment, the practice should be modified and the various counts charging independent crimes should be retained or rejected independently of the evidence as to the other counts.

The court does not acquiesce in that conclusion. So long as any count in the indictment remains unchallenged there is no justification for an inspection of the grand jury minutes to ascertain whether all of the counts are based upon adequate and competent evidence.

Denied.