THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY CHIMINO, Appellant.

Fourth Department, November 14, 1945.

*DeSilver Drew* for appellant.

*John S. Marsh, District Attorney* and *Anthony J. Pusateri* for respondent.

*Per Curiam.* On December 30, 1941, appellant was convicted of the crime of assault in the second degree (Penal Law, § 242,

subd. 5), and sentenced to a term in the Attica State prison. The indictment upon which he was tried contained two counts, the first charging the crime of rape in the second degree, the second charging the crime of assault with intent to commit the crime charged in the first count.

At the close of the People's direct case, the court dismissed the first count on the ground that complainant's testimony was not corroborated as required by section 2013 of the Penal Law. Following this ruling, defendant's counsel moved to dismiss the second count on the ground that section 2013 of the Penal Law also applied to the second count. This motion was denied and defendant's counsel excepted.

At the conclusion of the court's charge to the jury, defendant's counsel requested the court to charge that "if the jury finds that the act of rape was consummated they can't convict of assault under that charge." The court declined and defendant's counsel excepted. In our opinion the rulings were correct.

1. The rule is well settled that section 2013 of the Penal Law does not apply to an assault with intent to commit rape. (*People* v. *Kirwan*, 67 Hun 652, see 22 N. Y. S. 160 for opinion; *People* v. *Phillips*, 204 App. Div. 112, affd. without opinion, 235 N. Y. 579.)

It is to be noted that at the 1945 session of the Legislature a bill was passed amending section 2013 of the Penal Law, by extending the provisions thereof to attempted rape but was vetoed by the Governor. (Assembly Int. No. 171, Pr. No. 916.)

2. The Legislature by chapter 593 of the Laws of 1886, repealed section 36 of title VII of chapter I of part IV of the Revised Statutes (1859 [5th ed.]) which repealed statute read as follows: "No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault, or in pursuance of such attempt." Since the repeal of the statute above quoted, it would seem that the doctrine of merger as evidenced by that statute has not existed in this State. (See 1 Wharton on Criminal Law [12th ed.], §§ 39, 842; *People* v. *Tavormina*, 257 N. Y. 84; *People* v. *Rytel*, 284 N. Y. 242, 245; *People* v. *Goggin*, 256 App. Div. 995, affd. 281 N. Y. 611.)

As supporting the contrary doctrine, appellant cites *People* v. *Aldrich* (58 Hun 603, see 11 N. Y. S. 464 for opinion) and *People* v. *Cosad* (253 App. Div. 104). The *Aldrich* case (*supra*) was decided after the repeal of section 36 of title VII of chapter I of part IV of the Revised Statutes but so far as appears from the opinion the repeal of that statute was not brought to the

attention of the court. In the *Cosad* case (*supra*) the indictment contained a single count charging rape in the first degree. Over defendants' objection the court instructed the jury that they might find a verdict of guilty of an attempt to commit the principal crime, and the jury so found. On appeal the judgment was reversed and a new trial ordered mainly upon the ground that under the statutory definition of an attempt (Penal Law, § 2) the defendants' guilt of that crime was not established beyond a reasonable doubt.

In the case at hand, we think that the evidence supports the verdict, and that the judgment of conviction should be affirmed. The order herein settling the case on appeal should be affirmed. (See *People* v. *Morganti*, 266 App. Div. 362.)

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, LARKIN and LOVE, JJ.

Judgment of conviction and order affirmed.