THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LE ROY MANWARING, JR., Appellant.— Appeal from an order of the County Court of Chemung County, denying the defendant's application in the nature of a writ of error *coram nobis* to vacate a judgment of conviction. The defendant had been indicted for rape in the second degree. On October 14, 1950, he appeared with counsel retained by him and withdrew his plea of not guilty and entered a plea of guilty. Thereafter, on October 21, 1950, the assistant district attorney submitted an affidavit stating that the testimony against the defendant on the charge of rape was "insufficient and uncorroborated" and that the defendant had "indicated a willingness to plead to attempted rape", and moved for permission to accept a plea to the reduced charge of attempted rape in the second degree. This motion was granted and the defendant, again accompanied by his retained counsel, apparently pleaded guilty to the reduced charge. The defendant was thereafter sentenced as a second offender for the crime of attempted rape in the second degree. In the *coram nobis* proceeding, in which the defendant was represented by assigned counsel, the defendant contended that, since there was no corroboration, the indictment was invalid and he further contended that the District Attorney had failed to present to the Grand Jury a medical report which would allegedly have shown that the complainant had not been raped. While the charge of attempted rape on which the defendant was ultimately sentenced does not require corroboration (*People* v. *Wasserbach,* 271 App. Div. 756; cf. *People* v. *Chimino,* 270 App. Div. 114, affd. 296 N. Y. 554), the indictment had charged the crime of rape and that required corroboration (Penal Law, § 2013). Hence, it may be that, upon a timely challenge to the indictment, it would have been dismissed for lack of corroborating evidence before the Grand Jury (but see Code Crim. Pro., §§ 444, 445; Penal Law, § 610; cf. discussion in *People* v. *Wasserbach,* 185 Misc. 67, 84, revd. on other grounds 271 App. Div. 756, *supra*). However, the question of the sufficiency of the evidence before the Grand Jury to sustain the indictment cannot be raised for the first time after sentence (*People* v. *Nitzberg,* 289 N. Y. 523; *People* v. *Van Allen,* 275 App. Div. 181). Neither can the failure of the District Attorney to present exculpatory evidence to the Grand Jury be made the basis of an attack upon the indictment after conviction, in a *coram nobis* proceeding. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.