Benjamin Brenner, J.
It is intended hereby to supplement my denial of the motion to set aside the verdict which convicted the defendant of several counts, including that of an attempted rape, as charged in the indictment. The defendant claimed, from the beginning, that an indictment charging an attempt to rape is insufficient when the prosecutor’s opening statement and the complaining female’s testimony show a consummated rape without the corroboration required by section 2013 of the Penal Law.
Had the defendant sought a mistrial for prejudice because of the prosecutor’s stress, in his opening, as to the consummation of the rape, upon an indictment which only charges an attempt, I would not have hesitated to declare such a mistrial. He chose, however, to bar the prosecution as a matter of law, claiming that People v. Lo Verde (7 N Y 2d 114) now makes legally insufficient *1069 an indictment charging an attempt to rape where the complaining witness is not supported in her assertion that the violation of her person was complete.
While I am sympathetic to this view, I do not believe that Lo Verde was intended to go any farther than to bar convictions for crimes less than those predicated on a consummated rape when such consummation if formally charged in the indictment yet unsupported by evidence other than that of the defiled female. This is to say that the majority of the court in Lo Verde forbade circumvention of the requirement of corroboration where the gravamen of the charge in the indictment is the perpetration of an act of sexual intercourse. However, where as here, there is no such charge, yet the victim shows that she was raped and offers no supporting evidence thereof, a conviction may be had under the present state of the law upon an indictment which confines the charge to an assault with intent to rape or an attempt to rape (People v. Chimino, 270 App. Div. 114, 115, affd. 296 N. Y. 554; People v. De Groat, 5 A D 2d 1045, affd. 5 N Y 2d 947).
A female who succeeds in fending off her attacker and in protecting her honor is, of course, plainly entitled to the prosecution of the accusation without the need to bolster her testimony that the attack was but attempted. But it seems to me that as to one who maintains she was ravished, though unwilling, hesitant or even unable to prevent it, whether the ravishment is asserted in the indictment, in the prosecutor’s opening statement or the victim’s testimony, the supporting evidence should logically be forthcoming. True, the effect of a broadening of the Lo Verde principle, as urged by this defendant, would make a conviction less certain for the rapist who succeeds in his nefarious work even if he threatens his victim with dire bodily harm. Yet this advantage to such a successful criminal act is the basic anomaly of existing law which demands the added evidence where sexual intercourse is perpetrated and forgoes it when it is only attempted. However the humanity of the criminal law seeks to protect the innocent victim wrongfully accused by an unscrupulous female of completed rape, as to which hazard my esteemed colleague, Mr. Justice Sobel, inveighed against (People v. Wasserbach, 185 Misc. 67, revd. 271 App. Div. 756) because of the bestial implications of and the difficulty to defend against so “ horrible ” a charge.
I am nonetheless reminded by the admonishing language in People v. Reed (276 N. Y. 5, 9) directed to criminal Trial Justices that 1 ‘ While the defendant under our criminal procedure is entitled to the benefit of every reasonable doubt on the facts, the People should be entitled to any reasonable doubt a trial judge *1070 may have upon the law for, if he makes a mistake on the law, the People have no opportunity or method of reviewing his ruling, as strange as it may seem to us in this enlightened day. The defendant, fór a wrong ruling, may always appeal the case for review to a higher court; the People have no such privilege, except as hereinafter stated. The trial justices in criminal cases, therefore, should bear this in mind when ruling upon points of law.” Hence, if People v. Lo Verde (supra) is to be extended to the fact situation here, it must be extended by an appellate court or by the Legislature.