Joseph A. Martinis, J.
The defendant moves for an inspection of the Grand Jury minutes or, alternatively the dismissal of the indictment charging him with attempted rape, first degree. It is alleged that in the preliminary hearing had herein, the complainant testified to a completed sexual act perpetrated upon her by the defendant against her will and that such hearing did not adduce any corroborating evidence as required by law. It is argued therefore that since attempted rape does not require corroboration to sustain the charge, the Grand Jury indicted for a lesser offense although the proof was that the greater offense, or a completed rape, had been committed; that by reason of such proof the indictment for attempted rape, first degree, is illegal. Assuming, arguendo, that the complainant’s testimony before the Grand Jury was the same as that adduced in the Criminal Court proceedings the indictment is nonetheless based on legally sufficient evidence since “ There is no statutory or legal precedent decreeing that a grand jury cannot indict for a lesser offense even though the testimony before such grand jury may establish a higher crime ” (People v. Fagan, 163 Misc. 495, 496). Moreover, under an identical factual situation as in the instant case it was held in People v. Dixon (36 Misc 2d 1068, 1069) that the ruling in People v. Lo Verde (7 N Y 2d 114) was distinguishable since Lo Verde, which charged a completed act of sexual intercourse in the indictment, was intended “ to bar convictions for crimes less than those predicated on a consummated rape when such consummation is formally charged in the indictment yet unsupported by evidence other than that of the defiled female ”. Here as in Dixon, the indictment alleges attempted rape and until further appellate clarification of the legal issue involved the sufficiency of the indictment will be sustained.
This motion is in all respects denied.