■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILAN RADUNOVIC, Appellant.— Judgment after jury trial and a verdict convicting the defendant of the crime of assault in the third degree, affirmed. Defendant was indicted for assault in the second degree with intent to commit rape and for assault in the third degree. The court correctly charged the jury that corroboration was unnecessary to convict the defendant of the misdemeanor charge of simple assault. A charge of simple assault is distinct from one of felonious assault with intent to commit rape. Here there was overwhelming evidence of assault in the third degree — the bruises and abrasions on complainant's arms, leg and elbow, her distraught condition following the encounter, and the defendant's guilty fabrications when he was confronted with her accusations. *People* v. *Lo Verde* (7 N Y 2d 114) is inapplicable. There complainant was under 18 years of age. Defendant was indicted for first degree rape, assault with intent to commit rape, and endangering the health and morals of a minor. Defendant was acquitted of first degree rape. The assault count was dismissed. Defendant was found guilty of endangering the health and morals of a minor. The sole act charged in support of the morals count was the perpetration of an act of sexual intercourse, which constitutes misdemeanor rape (Penal Law, § 2010). The court held that labeling the count otherwise did not serve to eliminate the requirement of corroboration where the sole act proved is statutory rape. *People* v. *English* (16 N Y 2d 719) is to the same effect. There the charges under consideration were assault with intent to commit rape and attempt to rape. The sole evidence was of an actual rape which it was held, required corroboration. However, in *People* v. *Colon* (16 N Y 2d 988) it was held if the defendant-appellant's acts amounted to an unconsummated attempt to rape apart from the rape charged against the codefendant, the attempt charge would not require corroboration. In the

case at bar, the jury acquitted defendant of the charge of assault in the second-degree with intent to commit rape. The verdict against the defendant on the separate count of simple assault is abundantly supported by evidence other than the sexual act, and the court's charge thereon was proper. (cf., however, *People* v. *Sigismondi*, 49 Misc 2d 1.) Concur — Eager, J. P., Capozzoli, Rabin and McNally, JJ.; Steuer, J., dissents in the following memorandum: I feel that I must dissent from the conclusion of the majority even though I believe that their determination represents a more just outcome and what I believe the law ought to be. The defendant was indicted on two counts: assault in the second degree with intent to commit rape, and assault in the third degree. He was acquitted on the first count and found guilty on the second count. The complainant, in support of the indictment, testified to a completed rape. By statute, in a prosecution for rape the testimony of the complainant must be corroborated to sustain a conviction. This is not true in prosecutions for attempted rape or assault with intent to commit rape, and no corroborating evidence is required in such cases (*People* v. *Chimino*, 270 App. Div. 114, affd. 296 N. Y. 554; *People* v. *De Groat*, 5 A D 2d 1045, affd. 5 N Y 2d 947; *People* v. *Phillips*, 204 App. Div. 112, affd. on other grounds 235 N. Y. 579). Where, however, the proof of the act charged in the indictment reveals that that act is perpetration of an accomplished rape, corroboration is required no matter under what provision of the Penal Law the defendant is charged (*People* v. *Lo Verde*, 7 N Y 2d 114). " Were we to hold that no corroboration was necessary to support the conviction of the crime as charged in this indictment, then a prosecutor might easily circumvent the requirement of corroboration necessary for a conviction of misdemeanor rape simply by charging instead the impairment of the morals of a minor, as he did here. The law may not be so circumvented." (*People* v. *Lo Verde, supra*, p. 116). It may be argued that in the *Lo Verde* matter the indictment charged an act which constituted a rape though calling it another crime, whereas here the charge does not amount to a rape. But that distinction does not meet the reasoning in *Lo Verde*. If the necessity for corroboration cannot be avoided by charging the act of rape as a different crime, it likewise cannot be obviated by charging a lesser crime where the proof establishes a rape, regardless of the fact that the indictment does not go so far (*People* v. *English*, 16 N Y 2d 719; *People* v. *Pender*, 24 A D 2d 939). Nor is it of any significance that the proof here established corroboration of the assault. The corroboration required is that necessary to uphold a conviction for rape. For assault, no corroboration at all is required, and its presence adds nothing toward meeting the proof that is essential. The sole distinction between this case and *English* and *Pender* (*supra*) is that in this case the rape was charged as assault in the third degree while in the others it was charged as assault in the second degree. This distinction does not meet the objection that proof of a completed rape offered in support of an indictment for any charge requires corroboration. The result which precedent dictates is almost absurdly anomalous. As a practical consideration, one who makes a sexual attack on a woman can be convicted if he fails short of satisfying his lust but not if he succeeds. Corroboration must be had of the testimony of the victim not only that there was an act of intercourse but also that it was effected against the will of the complainant. This makes either a confession or an eyewitness indispensable. It cannot be contradicted that such crimes are hardly ever committed in the presence of witnesses. Nor can it be denied that the incidence of such attacks, from whatever causes, is steadily and noticeably increasing, at least in urban areas. To adhere to rules which can only tend to aggravate this situation is intolerable. However, in the light of what I deem to be the existing law, affirmance of

this conviction is impermissible. The way is either in the adoption of the reasoning of Judge Burke in his dissenting opinion in *Lo Verde* (*supra*) or by appropriate legislation. The conviction should be reversed and the indictment dismissed.