Chief Judge Fuld.
The defendant was indicted for, and convicted of, the crime of grand larceny in the second degree in connection with a robbery perpetrated against the employees of Posner Laboratories, Inc., a manufacturer and distributor of human wigs in Corona, Queens. The Appellate Division affirmed his conviction by a divided vote, and the appeal is before this court by permission of one of the dissenting justices. The principal question posed is whether the trial judge erred in refusing the defendant’s request to instruct the jurors that they might find him guilty of the crime of attempted larceny.
The People’s case upon the trial was based chiefly upon the testimony of Herbert Schrager, controller of the victimized corporation and that of the arresting, officer Nicholas Guerrier. The testimony adduced established that two armed men entered the Posner Laboratories office at about 5:30 p.m. on February 8, 1968, and tied up Mr. Schrager and three other employees. One of the robbers remained with the victims while the other went into the warehouse area where the workers had left for the day.
At about 6:00 p.m., Patrolman Guerrier, responding to an 11 alarm ’ ’ alert, went to the warehouse. There he saw a panel truck backed into the freight entrance of the warehouse with the overhead door part way down. Inside, at the rear of the truck, he found the defendant with a carton in his hand loading the truck. Asked what he was doing, the defendant answered that he was “ hired ” to drive the truck and placed the carton on the truck’s bumper board. About 35 or 40 cartons were already stacked in the truck.
Officer Guerrier took the defendant with him to the office where the victims were still tied up. After they had been released, *45 he returned to the warehouse area with the defendant and Schrager; wigs and hair treatment merchandise were scattered all over the floor. The truck, Schrager said, did not belong to the company and he had never before seen the defendant. He estimated the value of the wigs in the truck to be between $6,000 and $8,000. The patrolman took as evidence the carton he had seen in the defendant’s hand which contained “ wiglets ” having a value of about $500.
Arrested and advised of his rights, the defendant stated, “I was hired to drive the truck. I don’t know nothing.” Asked about the others who were with him, he replied, “ I don’t know. I just know one by the name of Mike.” A few days later, G-uerrier testified, he met the defendant in the hall of the courthouse, and the defendant asked him, “What’s the story here on the charge? I was just hired as a helper, I told you I was just a helper.”
The defendant, who did not take the stand, unsuccessfully sought dismissal of the indictment on the ground that the evidence was insufficient to establish guilt. Then, after the trial judge had charged the jury with respect to grand larceny in both the second and third degrees, he requested instructions on petit larceny and an attempt to commit the crime of larceny. Both requests were denied, and the jury found the defendant guilty of second degree grand larceny, the sole crime charged in the indictment.
Although the defendant argues otherwise, the proof amply established his guilt beyond a reasonable doubt of that offense. Nor is there any substance to his complaint with respect to the court’s refusal to instruct the jury on petit larceny. It was, at most, harmless error. Had the jury found the defendant guilty of grand larceny in its third degree, there might be some basis for his claim that he was prejudiced by the court’s refusal to charge petit larceny: it could be asserted that, had the instruction been given, the jury might have returned a verdict of guilt of petit larceny, the still lower degree of larceny. However — to paraphrase what this court wrote in People v. Brown (203 N. Y. 44, 51-52) - — such speculations are dispelled by the fact that the defendant was actually found guilty of second degree larceny; when the jury excluded from the case the alternative of grand larceny in the third degree, “ all lower degrees were *46 neeéssarily eliminated (See, also, People v. Granger, 187 N. Y. 67, 73; cf. People v. Reisman, 29 N Y 2d 278, 287-288.)
We turn, then, to a consideration of the deféndant’s claim that the court’s refusal to charge the crime of attempted larceny constituted reversible error; It should be noted, initially, that he argues upon this appeal, not that a theft had not been consummated at the time he was apprehended but, rather, that conviction of an attempt is no longer “ precluded ”, even though “ it appears that the attempted crime has been consummated.” Consequently, his argument continues, ‘ ‘ the jury must be given a charge on attempt in every case, irrespective of the nature of the evidence presented at the trial.”
In Support of this contention, he relies upon á change in the definition of “ attempt ” in the new Penal Law (§ 110.00) which, unlike the old provision (former Penal Law, § 2), no longer requires a failure to effect the commission of a crime.[1] Thus, he quotes Professor — now Judge — Denzer’s observation in his Practice Commentary accompanying the current statute (McKinney’s Cons. Laws of N". Y., Book 39, Penal Law, Yol. 1, p. 180):
‘ * By omitting the words, ‘ but failing, ’ the new attempt section prescribes a general rule that conviction for attempt is not precluded by the fact that the crime attempted was consummated.”
It would be most unreasonable to conclude from this that, in every case in which the evidence admits of no decision except that the crime charged has actually been consummated, a trial judge is required, nevertheless, to instruct the jury that it might find the defendant guilty of an attempt to commit that crime. Nor does the statement quoted compel any such result. Sensibly read, it can only mean that a jury may find an attempt to commit a crime where, although there is evidence of a consummation, the proof is also susceptible of a finding of an attempt. In other words, the new statute simply gives a judge somewhat more discretion in granting or refusing a charge on attempt, and *47 the jury a little more leeway in deciding the issue of an attempt or consummation in a close case.[2]
Strong support for this construction, as well as for the almost self-evident principle that a trial judge may not be required to instruct the jury with respect to a crime of attempt for which there is no basis in the evidence, is found in the cases. In the first place, it has long been held — although expressed by this court only in dictum — that a jury’s “power to convict of a lesser degree or of an attempt exists ‘ only where the evidence would justify such conviction. ’ (People v. Seiler, 246 N. Y. 262, 266.) ” (People v. Murch, 263 N. Y. 285, 289 [emphasis supplied] ; see, also, People v. Cosad, 253 App. Div. 104,106; People v. Dartmore, 48 Hun 321, 323-324; Sullivan v. People, 27 Hun 35, 38; State v. Tennyson, 212 Minn. 158,166-167; but cf. People v. Mills, 178 N. Y. 274, 283; Brown v. State, 206 So. 2d 377, 381 [Fla.].) And, in the second place, the rule is clear, with respect to instructions on included crimes and lesser offenses and lesser degrees, that “ the submission [to the jury] of a lesser degree or an included crime is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one. [Cases cited.] The submission in such a case performs a function useful to the defendant and intelligible to the jury. The trial court may not, however, permit the jury to choose between the crime charged and some lesser offense where the evidence essential to support a verdict of guilt of the latter necessarily proves guilt of the greater crime as well.” (People v. Mussenden, 308 N. Y. 558, 563; see, also, People v. Reisman, 29 N Y 2d 278, 287, supra; People v. Asan, 22 N Y 2d 526, 530; People v. Malave, 21 N Y 2d 26, 28-29; Sansone v. United States, 380 U. S. 343, 349-350.) Indeed, to hold otherwise would, as Mr. Justice Goldberg declared in the Sansone case (380 U. S., at p. 350, n. 6), “ only invite the jury to pick between the felony and the misdemeanor *48 [or, in this case, between a crime and an attempt to commit that crime] so as to determine the punishment to be imposed, a duty Congress [in this case the State Legislature] has traditionally left to the judge.”
In light of these principles, it would, as we have already indicated, be highly unreasonable to sanction a trial court’s refusal to charge on an included crime or a lesser degree — of which there is no evidence — but to require him, where proof of an attempt to commit the crime charged is lacking, to instruct the jury on attempt. In short, the court was not required to charge on an attempt where, as here, there is evidence only of a consummated crime.
The order appealed from should be affirmed.
Judges Burke, Breitel, Jasen, Gabrielli, Jones and Waohtler concur.
Order affirmed.

. Section 2 of the former Penal Law defined an “ attempt ” as “ An act, done with intent to commit a crime, and tending but failing to effect its commission”; section 110.00 of the new Penal Law recites that “A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.”

. Section 260 of the former Penal Law recites — the new Penal Law contains no such provision — that a “ person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime was consummated, unless the court, in its discretion, discharges the jury and directs the defendant to be tried for the crime itself.” The absence of any counterpart to this section in the current Penal Law constitutes additional reason for not requiring a trial court to charge the jury on an attempt for which there is no proof in the record.