■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELEANOR TIGHE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Floyd, J.), rendered June 14, 1982, convicting her of grand larceny in the second degree, upon a plea of guilty, and imposing sentence. ¶ Judgment affirmed, and the case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). ¶ Defendant was charged in a one-count indictment with grand larceny in the second degree, arising out of her representation to Citibank that she had not received her renewal Visa credit card after 125 purchases in the total sum of $2,728.30 had been made by the use of the renewal card. ¶ Defendant's original Visa credit card expired on August 31, 1980. During that month, Citibank mailed a renewal card to her which became effective on September 1, 1980. There was an abundance of evidence from which the jury could have found that defendant received the renewal credit card, used it to make purchases between September 2 and 15, 1980, and thereafter falsely represented to Citibank that she had never received the renewal credit card. Two salespersons and a waitress identified defendant as the user of the card at their establishments, and, through testimony of a handwriting expert, obviously found credible by the jury, her signature was established on a number of receipts. Thus, the evidence showed that defendant used the renewal card on September 2, 5, 6, 7, 9, 10, 11 and 14, 1980. ¶ While it was a procedural error for the trial court to have charged petit larceny as a lesser included offense without first having informed the parties prior to summations of its intention to do so (CPL 300.10, subd 4), under the circumstances of this case, it is clear that a defense summation given with full knowledge of the precise charges to be submitted would not have altered the verdict. Prior to summations, the court granted the prosecutor's request to charge grand larceny in the third degree as a lesser included offense. In his closing argument, defense counsel contended that the People had failed to prove either grand larceny in the second degree or grand larceny in the third degree, and he attacked the credibility of the handwriting expert and the eyewitnesses. Had the jury found defendant guilty of grand larceny in the third degree, there might be some basis for defendant's claim of prejudice. One could speculate that somehow defense counsel's summation might have been different. But such speculation is dispelled by the fact that defendant was actually found guilty of grand larceny in the second degree, and

hence the jury necessarily excluded grand larceny in the third degree and "all lower degrees" thereof from its consideration (see *People v Richette,* 33 NY2d 42, 45-46). Thus, the error was harmless beyond a reasonable doubt. ¶ We have considered defendant's other contentions and have found them to be without merit. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.