### PEOPLE *v.* O'CONNELL.

*(Supreme Court, General Term, First Department.  December 29, 1890.)*

RAPE—ATTEMPT TO COMMIT—CORROBORATING PROSECUTRIX.

On an indictment for attempt to commit rape, the testimony of the complainant to the act of defendant was corroborated by evidence of her bruised appearance, caused, as she testified, by his striking her in the face when she resisted him; and also by testimony of the bar-keeper of the drinking-saloon, in a room of which they were at the time, as to the attitude of the parties and other circumstances. Defendant's testimony was wholly improbable. *Held,* that the testimony was sufficiently supported to sustain a conviction, under Pen. Code N. Y. § 283, providing that no conviction can be had in such a case upon the testimony of the female unsupported by other evidence.

Appeal from court of general sessions, New York county.

Indictment against William O'Connell for attempt to commit rape. Complainant testified that, being with defendant in the billiard room connected with a drinking saloon, after others there had gone away, defendant seized her, and threw her down, and she described other actions and words on his part indicating his purpose to compel her to submit to sexual intercourse with him; that she screamed for help and struggled to get up; and that he struck her repeated severe blows on the face and head, and stuffed handkerchiefs into her mouth, threatening to kill her if she did not cease screaming and submit quietly to his wishes. Her battered appearance afterwards was shown by a photograph, and by testimony of several witnesses. The prosecution having rested, defendant's counsel moved that the jury be directed to acquit on the ground that complainant's testimony was not supported by other evidence, but the motion was denied. Afterwards, the prosecution was permitted to introduce other witnesses, among them one Sparks, the bar-keeper of the saloon, who testified that, while the parties were in the billiard room, he heard complainant scream, and ran in, and that defendant had her down on the floor, underneath him, with her limbs partly exposed, and he partly kneeling on her; and the witness further corroborated complainant as to circumstances preceding and following defendant's attack upon her. The jury found defendant guilty of an attempt to commit rape. From the judgment of conviction entered thereon, defendant appeals. Pen. Code N. Y. § 283,

provides: "No conviction can be had for abduction, compulsory marriage, rape, or defilement, upon the testimony of the female abducted, compelled, or defiled, unsupported by other evidence."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

Howe & Hummell, for appellant. · John R. Fellows, Dist. Atty., (Mackenzie Semple, of counsel,) for the People.

VAN BRUNT, P. J. There are two grounds because of which the appellant claims the right to a new trial. One is that at the time the district attorney rested his case there was no evidence supporting the testimony of the female defiled, or attempted to be defiled; and, secondly, that the verdict was against the weight of evidence. Neither of these objections can prevail. Instead of the verdict being against the weight of evidence, it is seldom, in a case of this description, that so satisfactory proof of an assault is offered. It may be true that when the district attorney rested his case there was but little evidence supporting the testimony of the complainant; but her battered appearance, resulting from the brutality with which she had been treated, offered some rather convincing evidence of the truth of the statement to which she testified. But when the case was finally submitted to the jury there was ample corroboration in the evidence of the bar-keeper, Sparks, who testified to seeing much of that of which the complainant had given evidence. The defendant's story, as to the nature of the assault, and the circumstances which led to it, was certainly not such as was apt to carry weight with the jury. In fact it was entirely improbable. It may be true that the complainant was under the influence of liquor, and that her associations were not such as tended to indicate that she was a virtuous woman; but, nevertheless, the circumstances to which she testified, corroborated as they were by her appearance, and by the evidence of the bar-keeper, were such as would properly carry conviction to the minds of the jury. We see no reason for interfering with the judgment, and it should be affirmed. All concur.