Settle order before THOMAS, J.

---

PEOPLE v. TRAVIS.

(Supreme Court, Appellate Division, Second Department. February 28, 1916.)

CRIMINAL LAW ⬱814—INSTRUCTIONS—APPLICABILITY TO EVIDENCE—DEGREES OF CRIME.

The only evidence of robbery being with the infliction of grievous bodily harm and injury on the person of the one robbed, constituting under Penal Law (Consol. Laws, c. 40) § 2124, subd. 3, robbery in the first degree, there was no error in not instructing on lesser degrees.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1821, 1833, 1839, 1860, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. ⬱814.]

Appeal from Kings County Court.

John Travis was convicted of robbery in the first degree, and appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

I. Erlich Wolff, of Brooklyn, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

PER CURIAM. The testimony established facts warranting a jury in finding that appellant inflicted grievous bodily harm and injury on the person of complainant in committing the robbery of his watch, which made out robbery in the first degree. Penal Law, § 2124, subd. 3. There was no testimony tending to warrant any finding of the offense of robbery of a lesser grade, and therefore the court was not required to instruct the jury that they could find appellant guilty of any lesser degree of crime, especially as no such instruction was asked, or exception taken to the instructions which the court gave. In view of the testimony, such a request to charge

that the jury could convict of a lesser grade of the offenses charged would not have been appropriate. The other points raised are without merit.

The judgment of conviction is therefore affirmed.