## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### December 15, 1922.

### THE PEOPLE v. GEORGE PERRY PHILLIPS.

(204 App. Div. 112.)

(1) RAPE—ATTEMPT TO COMMIT*—PENAL LAW, § 2013, DOES NOT APPLY TO AN ATTEMPT.

Section 2013 of the Penal Law, which provides that no conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence, does not apply to a charge of attempt to commit rape, which is a crime separate and distinct from the crime of rape, and it is not necessary, therefore, that the testimony of the prosecuting witness on a charge of attempt to commit rape shall be supported by other evidence.

(2) SAME.

Furthermore, the testimony of the prosecuting witness in this case was supported by the testimony of another woman who was in her company at the time of the alleged attempt.

REARGUMENT of an appeal by the defendant, George Perry Phillips, from a judgment of the County Court of Orange county, rendered against him on the 9th day of November,

---

* See 27 N. Y. Crim., 279.

1920, convicting him of the crime of attempted rape in the first degree.

*Nathaniel Levy,* for the appellant.

*Jonathan D. Wilson, Jr., District Attorney,* for the respondent.

KELLY, J.:

On June 29, 1922, this court affirmed the judgment with the following memorandum: " We are of opinion that the requirement of Penal Law, section 2013, that 'No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence,' does not apply to a charge of attempt to commit rape, which is a separate and distinct crime. (People v. Kirwan, 22 N. Y. Supp. 160.) Judgment of conviction of the County Court of Orange county affirmed. BLACKMAR, P. J., KELLY, JAYCOX, KELBY and YOUNG, JJ., concur." (People v. Phillips, 202 App. Div. 822.) On October 6th upon defendant's application the court ordered a reargument of the appeal upon the questions: " *First,* whether the requirements of Penal Law, section 2013, as to the evidence sufficient to convict in a case of rape, apply to a case of attempted rape; *second,* whether or not there is in this case sufficient supporting evidence." (203 App. Div. 861.)

Upon reargument we reach the same conclusion, that the judgment of conviction must be affirmed. That the provisions of Penal Law, section 2013, " No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence," do not apply to a charge of attempted rape (Penal Law, §§ 2, 260, 261) was determined in 1893 by the General Term in the First Department. (People v. Kirwan, 22 N. Y. Supp. 160.) It is true that the conviction in the case cited was under the Penal Code then in force. But the language of the Penal Code was practically

identical with the Penal Law in the matter referred to. The crime of rape was defined in title 10, chapter 2, section 278, and the definition is the same as in Penal Law, section 2010. It was provided in the Penal Code, section 283: "No conviction can be had for abduction, compulsory marriage, rape, or defilement, upon the testimony of the female abducted, compelled or defiled, unsupported by other evidence." In the Penal Law, section 2013, this provision for supporting testimony upon a trial for rape is continued in the same language. As to the crimes of abduction and compulsory marriage it is continued in section 71. Attempts to commit crime were defined in the Penal Code, title 3, section 34: "An act, done with intent to commit a crime, and tending but failing to effect its commission, is an attempt to commit that crime." The identical language is found in Penal Law, section 2, "Definitions." The General Term in the Kirwan Case (*supra*) said: "The Penal Code, however, while requiring, by section 283, that no conviction can be had for rape upon the testimony of the female, unsupported by other evidence, does not in express terms require such corroboration in respect to the assault with intent to commit rape. Rape and an assault with intent to commit rape are distinct crimes and as corroboration was not essential to convict of either offense at common law, and as the statutory rule contained in the Penal Code speaks only of rape, we are of opinion that the recorder was correct in his ruling, refusing to charge, as requested by the prisoner's counsel, ' that, before the defendant can be convicted of the offense charged in the indictment, there must be evidence tending to corroborate the complainant as to the commission of the act charged. Without such corroboration the defendant cannot be convicted.' While corroboration is not, therefore, necessary, taking into consideration the nature of the charge, where a complainant's testimony is unsupported, it should be, as in a case where supported, of a character so conclusive as to leave no reasonable doubt of the prisoner's guilt."

In the case at bar there was no request to charge as to the necessity of supporting evidence, nor was the matter presented in any way by exception or otherwise at the trial. The defense was an alibi. The indictment contained two counts, one for attempted rape in the first degree, the second for assault in the second degree.

I think the decision in the Kirwan case correctly states the law applicable to this trial for violation of the Penal Law. The offense of attempt to commit rape in the first degree is a crime separate and distinct from the crime of rape. While the Legislature might have provided that no conviction could be had for attempted rape upon the testimony of the female upon whom the attempt was made, they have not done so. Obviously the language of Penal Law, section 2013, in requiring supporting evidence to that of " the female defiled " has no reference to the crime of attempted rape, because in the latter case there is no " female defiled." The provision as to supporting evidence required for charges of rape was unknown to the common law. The Legislature in enacting Penal Code, section 283, and Penal Law, section 2013, is laying down a rule in derogation of the common law. But the crime of attempt to commit rape has always been classified as a crime distinct from rape itself, and the distinction between unsuccessful attempts to commit crime and the crime itself has been continued in the Penal Law. Counsel for defendant argues in effect that the requirements of Penal Law, section 2013, must be read into section 2010. The definition of " Attempt to commit a crime " (Penal Law, § 2) is " An act, done with intent to commit a crime, and tending but failing to effect its commission, is ' an attempt to commit that crime.' " Therefore, to ascertain the charge against the defendant we look only to section 2 and section 2010 of the Penal Law. The Legislature has not provided for supporting evidence in the case of the attempt and whether such evidence should be required or not was a matter for the Legislature. I have not found any case in this State other

than the Kirwan Case (*supra*) where this question is discussed, but the law as there stated appears to have been decided in other jurisdictions. "Where the statute in terms applies to rape only, it does not require corroboration to convict of attempt or assault with intent to rape." (33 Cyc. 1499, citing State v. Cook, 92 Iowa, 483; State v. Montgomery, 79 id. 737; State v. Grossheim, Id. 75; State v. Hatfield, 75 id. 592; People v. Kirwan, 22 N. Y. Supp. 160.) "And see Fields v. State, 2 Ga. App. 41 * * * . In Iowa the rule is now extended by statute to prosecutions for assault with intent to commit rape. Iowa Code (1897), § 5488." In State v. Hatfield (75 Iowa, 592) the Supreme Court of Iowa said: "The defendant's counsel requested the court to charge the jury as follows: 'Before you can find the defendant guilty in this case there must be evidence of some person or persons, other than the person injured, tending to connect the defendant with the commission of the crime.' The instruction was refused, and we think this ruling was correct. It is provided by section 4560 of the Code* that the defendant in a prosecution for a rape cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense. The defendant was neither indicted nor tried for a rape, and the statute has no application to any crime except those enumerated in the act. The rule is that a person charged with an offense may be convicted by the mouth of one witness, and, because there are certain exceptions made by the statute is no reason for extending it to crimes not named in the exception. It is useless to contend that the same reason which requires corroboration in a charge for rape applies to an assault with intent to commit that crime. The argument may be sound, and yet the statute does not prescribe the measure of proof requisite to convict for an assault with intent to commit a rape."

---

* See Iowa Code (1873), § 4560; since amd. by Iowa Laws of 1894, chap. 100; now Iowa Code (1897), §5488.—REP.

I think we should adhere to our original decision on this point.

I also reach the conclusion that in the case at bar there was evidence supporting the testimony of the woman upon whom the attempt was made. A woman companion of the female assaulted testified that the defendant caught hold of the complainant, struck her on the head and face and knocked her down, that as the witness ran for help she turned around and saw the complainant on the ground and defendant " bending right over her." And the witness testified that complainant screamed and told her to run for help. When the witness came back immediately the defendant had disappeared. The design of the defendant in knocking the plaintiff down is clearly proven by his acts and language as testified to by the complainant. The woman companion was not interrogated as to these details by the district attorney or the trial counsel for defendant, and as already stated the matter of supporting evidence was not referred to by defendant's counsel. The question of defendant's guilt was submitted to the jury in a fair charge to which no exception was taken. I think the judgment should be affirmed.

JAYCOX, MANNING, and KELLY, JJ., concur; BLACKMAR, P. J., concurs solely upon the ground first stated in the opinion.

Judgment of conviction by the County Court of Orange county affirmed on reargument.

## NOTE ON PENAL LAW, § 2013 — ATTEMPT TO COMMIT RAPE — NO CONVICTION FOR RAPE ON UNSUPPORTED TESTIMONY.

The evidence is sufficient if it affords proof of " circumstances legitimately tending to show the existence of the material facts." People v. Elston, 186 App. Div. 224.

Discussion as to pregnancy or opportunity. People v. Whitson, 195 App. Div. 910.

Testimony admitted as to an interview of the father and mother of the complainant with the defendant at which he, upon being accused of the crime, asked to marry the girl and stated that then it would be all over. People v. Elston, 186 App. Div. 224.

It is error for the court to refuse to charge that the fact that the defendant had been ''keeping company'' with the complainant and was at the place where the alleged offense is stated to have taken place, was not of itself the corroboration required by the statute and that error on the refusal to charge was not cured by the fact that the court properly charged the jury as to the necessity of corroborating the testimony of the complaining witness, where it stated that it declined to assume the jury's prerogative or pick out any particular part of the evidence as corroboration, or of failure of corroboration. People v. Abrailes, 189 App. Div. 312.

The complaint of a woman to the police is not corroboration. Police v. Carey, 223 N. Y. 519; People v. Murray, 183 App. Div. 468. See, also, People v. Page, 162 N. Y. 272; People v Rea, 100 Misc. 434; People v. Simone, 180 App. Div. 555.

---

# COURT OF SPECIAL SESSIONS — NEW YORK — FIRST DEPARTMENT.

## December 26, 1922.