THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANGELO MARTONE, Appellant.

(Argued May 13, 1931; decided June 2, 1931.)

*F. R. Serri* for appellant. The People's case, based entirely on a confession, if it establishes anything, links the defendant to a felony murder solely by his possible participation in an attempted felony, and necessitates instructions and a verdict of guilty of murder in the first degree or an acquittal. (*People v. Seiler*, 246 N. Y. 262; *People v. Schleiman*, 197 N. Y. 383; *People v. Friedman*, 205 N. Y. 161; *People v. Koerber*, 244 N. Y. 147; *People v. Van Norman*, 231 N. Y. 454; *People v. Emieleta*, 238 N. Y. 158; *People v. Sullivan*, 173 N. Y. 122; *People v. Flanigan*, 174 N. Y. 357; *People v. Huter*, 174 N. Y. 237; *People v. Patini*, 208 N. Y. 176; *People v. Madas*, 201 N. Y. 349; *People v. Falletto*, 202 N. Y. 494.)

*William F. X. Geoghan, District Attorney* (*Henry J. Walsh* of counsel), for respondent. The jury's verdict convicting the appellant of the crime of manslaughter in the first degree was a legally appropriate finding. (*People v. Huson*, 187 N. Y. 97; *McKellar v. American Synthetic Dyes*, 229 N. Y. 106; *People v. Moran*, 246 N. Y. 100; *People v. Emieleta*, 238 N. Y. 158; *People v. Sullivan*, 173 N. Y. 122; *People v. Schleiman*, 197 N. Y. 383; *People v. Giro*, 197 N. Y. 152; *People v. Giusto*, 206 N. Y. 67; *People v. Chapman*, 224 N. Y. 463; *People v. Nichols*, 230 N. Y. 221; *People v. Marwig*, 227 N. Y. 382; *People v. Huter*, 184 N. Y. 237; *People v. Moran*, 246 N. Y. 100; *People v. Madas*, 201 N. Y. 349; *People v. Falletto*, 202 N. Y. 494; *People v. Friedman*, 205 N. Y. 161; *People v. Patini*, 208 N. Y. 176; *People v. Wagner*, 245 N. Y. 143.)

O'Brien, J. Defendant, a youth sixteen years of age, who has been convicted of manslaughter in the first

degree, contends through his counsel that he is innocent of any crime but that in no event can one other than murder in the first degree be supported by the evidence. We agree that the proof does not warrant a conviction for manslaughter and that, if any crime has been committed by him, it is murder in the first degree.

By his confession, found on conflicting evidence to have been voluntary and supported by additional proof that the crime had been committed (Code Crim. Proc. § 395), defendant admits that, accompanied by two companions nearly his own age, he entered a grocery store for the purpose of robbery and that during the commission of that felony the proprietor was mortally wounded by one of the other boys. No evidence tends to identify defendant as the actual killer and, accordingly, all issues relating to intent, deliberation or any other fact bearing upon the various degrees of homicide are absent from the case. The evidence, when accepted by the jury, justifies only one verdict. It is murder in the first degree committed in the course of a felony. (*People* v. *Giusto*, 206 N. Y. 67; *People* v. *Fisher*, 249 N. Y. 419.) After the court had instructed in respect to the various degrees of homicide and had charged the jury that, under the evidence, homicide in any one of these degrees could be found or a verdict of not guilty could be rendered, counsel duly excepted and raised the point now before us. Clearly, he is correct. His theory is fully supported by our decisions in *People* v. *Schleiman* (197 N. Y. 383) and *People* v. *Seiler* (246 N. Y. 262). There is no possible view of the facts which can warrant any verdict except acquittal or murder in the first degree.

The judgment of the Appellate Division and that of the County Court should be reversed and a new trial ordered.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgments reversed, etc.