THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. GEORGE
FAGAN, Defendant.

Supreme Court, Erie County, June 24, 1937.

*Walter C. Newcomb, District Attorney [Wellington J. Wetherbee,
Assistant District Attorney, of counsel], for the plaintiff.*

*Melvin Greene, for the defendant.*

HINKLEY, J.   This is a motion by defendant to dismiss an indict-
ment charging him with the crime of assault, second degree.   This
court had previously granted to defendant for the purpose of this
motion, an inspection of the minutes of the grand jury which found
the indictment.

Facts presented upon this motion establish that defendant was
arrested charged with rape, first degree, upon a female not his
wife, over the statutory age.   Upon a hearing before the City
Court magistrate, defendant was discharged for lack of corrobora-
tion of the complainant's testimony.   The next day after defend-

ant's discharge in City Court, he was rearrested charged with a violation of section 242 of the Penal Law in having assaulted the complainant with intent to commit a felony, to wit, rape, first degree. Without a new hearing he has held for the grand jury which presented the indictment now sought to be dismissed.

The question of whether the testimony of the complainant must be corroborated (Penal Law, § 2013) upon a trial for attempt to commit rape or for assault with intent to commit rape is not presented upon this motion. (*People* v. *Phillips*, 235 N. Y. 579, aff'g. 204 App. Div. 112; S. C. 202 id. 822; *People* v. *Garner*, 64 id. 410; affd., 169 N. Y. 585.)

Three days after the alleged offense, the complainant, Mary Macken, swore in an affidavit that the defendant raped her. The complainant, in her testimony before the grand jury, swore that the assault of the defendant upon her culminated in an act of sexual intercourse against her will.

Defendant claims that the lower crime of assault, second degree, is merged in the higher crime of rape and that the grand jury was not authorized to find the indictment in question. The language of section 2013 of the Penal Law is that " no *conviction* can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence." There is no prohibition against the finding of an indictment for rape upon the testimony of the complainant alone. It is only upon the trial that the testimony of the complainant must be corroborated, otherwise there can be no *conviction*. Under ordinary circumstances, as a practical matter, it is idle for a grand jury to indict in the face of a certain dismissal of the indictment upon a trial. The result follows from this reasoning that the indictment for assault with intent to commit a felony, towit, rape, is based upon sufficient proof before the grand jury to establish in the grand jury the higher crime of rape.

There is no statutory or legal precedent decreeing that a grand jury cannot indict for a lesser offense even though the testimony before such grand jury may establish a higher crime, particularly if the indictment for the higher crime must fail upon a trial. On the contrary, there are distinct statutes which indicate a legislative intent that a trial *may* be had with a resultant conviction of the lower crime even though the testimony upon the trial established a higher offense.

Tracing the tortuous path of legislative endeavor to combat crime, we find section 26 of title 7 of chapter 1 of part 4 of the Revised Statutes (2 R. S. 702 [1829]) which became section 36 of title 7 of chapter 1 of part 4 of the Revised Statutes (1859 [5th ed.]): " No person shall be convicted of an assault with intent to commit

a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault, or in pursuance of such attempt." Prior to the enactment of the Penal Code effective December 1, 1882, and since 1850, there has existed and is still in force a statute inconsistent with section 26 above quoted. " If it appear by the testimony, that the facts proved constitute a crime of a higher nature than that charged in the indictment, the court may direct the jury to be discharged, and all proceedings on the indictment to be suspended, and may order the defendant to be committed, or continued on or admitted to bail, to answer any new indictment which may be found against him for the higher offense." (Code Crim. Proc. § 457 [1850], now Code Crim. Proc. § 400.)

By the adoption of the Penal Code in 1881 a new statute was enacted. " A person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime was consummated, unless the court, in its discretion, discharges the jury and directs the defendant to be tried for the crime itself." (Penal Code, § 685, now Penal Law § 260.)

Five years later the Legislature, realizing that an assault to commit a felony was in reality an attempt to commit a crime, repealed section 36 of title 7 of chapter 1 of part 4 of the Revised Statutes (1863) above quoted (Laws of 1886, chap. 593). Even though the crime of rape was consummated, the defendant upon the trial of this indictment may be tried and convicted of the crime charged which is in fact an attempt to commit rape. (Penal Law, § 260.) Or, to follow the language of another statute, if it appears by the testimony that the facts proved constitute the crime of rape which is of a higher nature than that charged in the indictment, the defendant may still be tried and convicted of the crime charged in the indictment. (Code Crim. Proc., § 400.) The court at this time cannot anticipate the discretionary judgment of the trial court which, under the authority of the two sections last quoted, may continue the trial of this indictment or suspend the same and act in accordance with the mandate of either of said sections.

Section 2 of the Penal Law defines an attempt to commit a crime as " an act, done with intent to commit a crime, and tending but failing to effect its commission, is ' an attempt to commit that crime.' " That definition cannot be reconciled with section 260 of the Penal Law above quoted for the crime of " attempt to commit a crime " exists only as defined in section 2 of the Penal Law when the act tends *but fails to effect the commission of the crime.*

The case of *People* v. *Aldrich* (11 N. Y. Supp. 464), decided October 24, 1890, is cited by counsel for defendant in support of his motion. The opinion in that case, published only in the New York Supplement report, undoubtedly holds that no conviction can be had for assault with intent to commit a crime or for an attempt to commit a crime if the assault was merged in the higher offense or the attempt was successfully consummated. With due respect for that opinion, it cannot be said to nullify the existing statutes, particularly as it makes no reference to either of them. In the light of the repeal of section 36 of title 7 of chapter 1 of part 4 of the Revised Statutes (1863) and the express authority conferred upon the trial court by the two existing statutes, to wit, section 260 of the Penal Law and section 400 of the Code of Criminal Procedure, the motion for a dismissal of the indictment must be denied.

So ordered.