THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* REUBEN WASSERBACH, Defendant.

County Court, Kings County, March 1, 1945.

*Albert Washor* for defendant.

*Thomas Cradock Hughes, Acting District Attorney (Frank Di Lalla* of counsel), for plaintiff.

SOBEL, J. The defendant moves to dismiss this indictment which charges him with the crimes of attempted rape and assault with intent to commit rape.

This is a second indictment of this defendant for the same acts. He had previously been indicted for rape in the first degree, but that indictment had been dismissed, and properly so, because of the absence of sufficient supporting evidence as required by statute. Nevertheless the court had ordered the case resubmitted to the grand jury with the " suggestion " that the defendant might legally be indicted for attempted rape and assault with intent to rape. This indictment, which the defendant now moves to set aside, followed.

That this " suggestion " was made for the admitted purpose of circumventing the corroboration statute, section 2013 of the

Penal Law, is clear from the opinion of the court (*People* v. *Wasserbach,* N. Y. L. J., Nov. 20, 1943, p. 1423, col. 5). " But it is not the purpose of the law to furnish the wrongdoer with loopholes in order to enable him to evade just prosecution and so, while independent, corroborating evidence is made a necessary condition by section 2013, Penal Law, to convict the rapist (a condition which is frequently too difficult to fulfill), the law dispenses with this requirement whenever the defendant is charged with the attempt to commit that crime. By section 260 of the Penal Law ' A person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime was consummated, unless the court, in its discretion, discharges the jury and directs the defendant to be tried for the crime itself.' (*People, &c.,* v. *Phillips,* 197 N. Y. S., 567; [S. C.], 204 A. D., 112, aff'd 235 N. Y. 577; *People, &c.,* v. *Garner,* 64 A. D., 410, aff'd 169 N. Y., 585; *People, &c.,* v. *Fagan,* 163 Misc., 495; *People, &c.,* v. *Kirwan,* 22 N. Y. S., 160; *People &c.,* v. *Dartmore,* 48 Hun, 321 [S. C.], 2 N. Y. S., 310.) I see no reason, therefore, why this case should not be resubmitted to the grand jury with the view of finding an indictment for attempted rape in first degree. \* \* \* I conclude, therefore, that a conviction for attempted rape based upon an indictment which charges that crime, is within the purview of the provisions of section 260, Penal Law, though the evidence submitted at the trial establishes that the sexual act charged against the defendant, transcended beyond the stages of attempt and that the rape was consummated."

I have examined the grand jury minutes. The complainant again testifies to a completed rape by force. The act of intercourse, she insists, was actually consummated. And the People have again failed to present sufficient supporting evidence of the complainant's testimony. If the charge was rape in the first degree, the crime which the complainant testifies was committed upon her, this court would be compelled to dismiss this indictment.

But the crime charged in this indictment is attempted rape and assault with intent to commit rape. (For the purpose of this opinion I shall hereafter refer to the charge as attempted rape. While there is a legal distinction between the two crimes, that distinction does not exist in this case in view of the evidence that the crime was consummated.) The main question on this motion is whether corroboration is required where the undisputed testimony is that there has been a defilement of the complainant but the indictment charges only attempted rape.

So far as I can determine this is a novel question. *People* v. *Phillips* (204 App. Div. 112, 114, affd. 235 N. Y. 579) decided that corroboration is not necessary where the crime charged is attempted rape. But in that case the facts made out only the attempt, not the consummated crime. The Appellate Division there said: " Obviously the language of the Penal Law, section 2013, in requiring supporting evidence to that of ' the female defiled ' has no reference to the crime of attempted rape, because in the latter case *there is no ' female defiled.' *" (Italics mine.)

In the instant case there is a female defiled. There, it appears to me, lies the true test of whether corroboration is required — the fact of defilement, not the label applied to the crime.

It is also of interest that the Court of Appeals in affirming the *Phillips* case (*supra*) did not pass upon the question of corroboration. The memorandum decision reads (235 N. Y. 579, *supra*) " Judgment affirmed. The question whether a person accused of attempted rape may be convicted upon the evidence of the complainant unsupported by other evidence is not presented by the record; no opinion."

In *People* v. *Kirwan* (67 Hun 652, opinion in 22 N. Y. S. 160), decided by General Term, First Department, in 1893, it was held that corroboration under the statutory rule was not required where the crime charged is attempted rape. However, as in the *Phillips* case (*supra*), there was no charge or contention that the rape had been consummated and the female defiled.

In *People* v. *O'Connell* (58 Hun 609, opinion in 12 N. Y. S. 477), decided by the General Term, First Department, in 1890, the charge was attempted rape. The court seems to have proceeded upon the theory that corroboration was required by statute and ruled that there was sufficient corroboration as a matter of law. This interpretation given to the statute is important because the *O'Connell* case was the first case decided by an appellate court after the adoption of the corroboration statute in 1881.

*People* v. *Fagan* (163 Misc. 495 [1937]), factually at least, is directly in point. In that case the defendant was first charged with rape in the first degree. That charge was dismissed for lack of corroboration. The defendant was then indicted for assault with intent to rape. A motion was made to dismiss the indictment.

The court held that corroboration was not required by the statute, but it seems to me, did so on the erroneous theory that corroboration was not necessary in any case in order to *indict*

but only to *convict*. The court said (p. 496) : " Defendant claims that the lower crime of assault, second degree, is merged in the higher crime of rape and that the grand jury was not authorized to find the indictment in question. The language of section 2013 of the Penal Law is that ' no *conviction* can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence.' There is no prohibition against the finding of an indictment for rape upon the testimony of the complainant alone. It is only upon the *trial* [italics supplied] that the testimony of the complainant must be corroborated, otherwise there can be no *conviction*."

Since *People* v. *Nitzberg* (289 N. Y. 523) it seems clear that an indictment based upon evidence which would be insufficient for a petit jury to convict violates the constitutional rights of the accused and should be dismissed. (Code Crim. Pro., § 258; *People* v. *Sweeney*, 213 N. Y. 37, 42; *People* v. *Glen*, 173 N. Y. 395.)

The court in the *Fagan* case, (163 Misc. 495, *supra*) then held that the conviction for the attempt could be sustained under section 260 of the Penal Law. That section will be considered later in this opinion.

I have examined the pertinent decisions in other States. These fail to shed any light on the question under consideration. I find that in those States which by statute require corroboration for the crime of rape, the decisions hold that corroboration is not required where the charge is attempted rape.

In one State, Iowa, corroboration of the complainant is required by statute for the crime of attempted rape and assault with intent to rape as well as for the crime of rape itself (Code of Iowa, § 13900).

There are a great many jurisdictions which do not require, by statute at least, corroboration of the complainant for the crime of rape. In these jurisdictions the common-law rule that the testimony of the complainant must be carefully scrutinized and must be clear and convincing is followed both where the charge is rape and attempted rape.

I find however no case where the question in issue was passed on in any court of this or any other State, namely " Is corroboration necessary where the crime charged is attempted rape but the undisputed evidence establishes the consummated crime?"

The textbook writers and the courts in England and this country, in both jurisdictions where corroboration is required by statute or under common-law rule, have repeatedly stated

that such rule or statute " has its origin in the fact that crimes of this nature are easily charged· and very difficult to be·disproved, in view of the instinctive horror with which mankind regards them " (*People* v. *Friedman*, 139 App. Div. 795, 796). Basically, is not the insistance on supporting evidence the result of the recognition by Legislatures and courts that unfounded charges have too often been made by a designing prosecutrix for base motives? But does the same motivation exist where there has been no defilement? Does mankind regard " with instinctive horror " a charge of assault with intent to rape or attempted rape? It seems to me that it is the charge of defilement which arouses " instinctive horror " and which the law recognizes results in emotional rather than considered verdicts. A common sense application of the corroboration rule, would lead to the conclusion that supporting evidence should be required where the prosecutrix charges a defilement irrespective of the particular label applied to the crime.

This reasoning seems to be supported by a study of the history of corroboration statutes in sex crimes in this State as well as by the construction. of the language used in these statutes.

The first statute in this State to require supporting evidence of a prosecutrix, testimony was adopted not in connection with the crime of rape but for the crime of abduction for the purpose of prostitution. Chapter 105 of the Laws of 1848 made it a crime to " inveigle, entice or take away * * * for the purpose of prostitution " any female " Provided, that no conviction shall be had under the provisions of this act on the testimony of the female so inveigled or enticed away, unsupported by other evidence ".

In the same year, by chapter 111 of the Laws of 1848, supporting evidence of the female " seduced " was required by statute for the crime of seduction under a promise of marriage.

Both of these crimes involved a " defilement" of the victim.

We next find reference to " supporting evidence " in section 283 of chapter II of title X of the Penal Code of 1881 (L. 1881, ch. 504).

Section 278 of that chapter defined the crime of forcible rape. Section 281 defined the crime of compulsory marriage, i.e., by force, menace or duress compelling a woman against her will to marry the defendant or another person or to be defiled. Section 282 defined the crime of abduction for the purpose of " prostitution ", " sexual intercourse " or " to be defiled ". Then followed section 283 which provided: " No conviction can be had for abduction, compulsory marriage, or defilement, upon the

testimony of the female abducted, compelled or defiled, unsupported by other evidence.''

It seems clear that the words '' abducted '' and '' abduction '' refer to the crime defined by section 282, and the words '' compelled '' and '' compulsory marriage '' to the crime defined in section 281. The words '' defiled '' and '' defilement '' probably referred to the crime of rape defined in section 278.

In 1886 for some reason not apparent to me, the word rape was added to the statute, section 283, so that it then read (L. 1886, ch. 663) : '' No conviction can be had for abduction, compulsory marriage, *rape* or defilement upon the testimony of the female abducted, compelled or defiled, unsupported by other evidence.'' (Italics supplied.)

The amendment was not brought about by any decision of the courts for I find no published decision in any court between 1882 and 1889 concerning corroboration in rape cases. I have reached the conclusion that the change was simply for the purpose of clarification.

My view that the words '' defiled '' and '' defilement '' referred to the crime of rape, was apparently shared by the revisers who prepared the Penal Law of 1909 (L. 1909, ch. 88). The crime of rape was assigned a separate article, article 180, in which reference to no other crime appears. Section 2013 of that article read: '' No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence ''.

And section 71 of the Penal Law of 1909 referring to supporting evidence for the crime of abduction makes no reference to '' defilement ''; nor does section 1455 (formerly § 553) of the Penal Law of 1909, referring to compulsory marriage.

My conclusion, drawn from the basic purpose and intent of these '' corroboration '' statutes and from the language of the specific statute (Penal Law, § 2013) under consideration, is that the legislative purpose and intent was to require supporting evidence where there had been a defilement. I find that while supporting evidence is not ordinarily necessary to sustain a charge of attempted rape or assault with intent to rape (*People* v. *Phillips*, 204 App. Div. 112, *supra*), where the uncontradicted testimony is that there has been a '' defilement '', supporting evidence is required by the law.

I believe that this ruling will promote the ends of justice. If there is logic and sound reason for the corroboration statute then it should not be given an interpretation which says that where there is a failure of supporting evidence, the defendant

instead of being convicted of rape and sentenced for not more than twenty years may only be convicted of the attempt and sentenced to not more than ten years. The corroboration requirement either protects a defendant from baseless charges or doesn't protect him at all. If the statute has resulted in the acquittal of guilty defendants because of the difficulty in obtaining supporting evidence, then it ought to be repealed by the Legislature, not by the courts. To hold that corroboration is not necessary where the offense has been consummated but the label applied to the crime is attempted rape would in effect repeal the corroboration statute.

There are other questions raised by the moving affidavits which require consideration. May a defendant be convicted of an attempt to commit a crime where the evidence clearly establishes that the crime has been consummated? May a defendant be convicted of an assault with intent to commit a crime where the evidence clearly establishes that the crime has been consummated?

An attempt to commit a crime and an assault with intent to commit a crime are as a matter of law two separate crimes although as a matter of fact the difference is slight. It is quite possible to have an assault with intent to commit a crime which falls far short of being an attempt. For instance, it is possible to have an assault with intent to commit rape without an actual battery or touching of the intended victim but it is difficult to conceive of an attempt without such a battery.

Of course in every completed crime of rape there is first the assault, then as the overt acts approach consummation, the attempt and finally with consummation the completed crime. The same stages occur in every murder-assault, attempt and the completed crime. And where the completed acts are proved to be the cause of death, it is difficult to conceive that any court would hold that a defendant under any set of circumstances could be convicted of attempted murder or assault with intent to commit murder. The same reasoning should apply to rape.

In many States there are statutes which provide that " No person shall be convicted of an assault with intent to commit a crime, or any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted, was perpetrated by such person at the time of such assault or in pursuance of such attempt." (Georgia Criminal Code, tit. 27, § 27-2508; Revised Statutes of Missouri, ch. 31, § 4836; Mississippi Code of 1942, tit. 11, § 2018; etc.) Indeed such a

statute was enacted in this State in our Revised Statutes of 1829 and continued on our statute books until 1886 (see Rev. Stat. of N. Y., part IV, ch. I, tit. VII, § 26).

In 1857 by chapter 266 the Legislature directed the Commissioners of the Code to prepare a Penal Code and a Code of Civil and Criminal Procedure and to submit same to the Legislature. One of the objects of the commissioners was " To bring within the compass of a single volume the whole body of the law of crimes and punishments in force within this state." The first report was submitted in 1865 in the form of a draft of a proposed Penal Code with annotations and explanatory notes. This draft was not enacted into law until 1881. In that report (1865) appears for the first time the statute which is now section 260 of the Penal Law. It read: " § 745. Any person may be convicted of an attempt to commit a crime although it appears on the trial that the crime intended or attempted was perpetrated by such person in pursuance of such attempt, unless the court, in its discretion, shall discharge the jury and direct such person to be tried for such crime." And following this proposed statute appears the note " See 2 *Rev. Stat.*, 702 § 26 ". The reference is to the statute heretofore mentioned which provided that no person shall be convicted of an attempt or assault with intent to commit a crime where the crime has been perpetrated. This last mentioned statute was not included in the proposed new Penal Code. Although voluminous explanatory notes were made by the commissioners to less important changes, no other reference was made to this proposed change in the law either in the Report of 1865 or any subsequent report. In Appendix C of the Report of 1865 appears a " Table of Statutes showing the proposed effect of the code upon the existing law." A preliminary explanatory note informs us that where an existing statute is incorporated in whole or in part in the new code, the words " covered by " are used in the table. And where an existing statute is " *   *   *   designedly omitted   *   *   *   the reason why it is omitted is briefly indicated." In the table under " 2 *Rev. Stat.*, 702, § 26 " appears the note " See section 745 " referring to the statute permitting convictions for attempts even though the crime is consummated.

I am unable to discover any other explanation why the law prohibiting convictions for attempts or assaults where the crime was perpetrated was omitted from the new proposed Penal Code and section 745 (now Penal Law, § 260) was adopted. Section 745 was enacted in 1881 as part of the new code [§ 685] in substantially the same form proposed in the report of 1865.

I am forced to the conclusion that section 26 of the Revised Statutes of 1829 was designedly omitted from the new code. For in 1885 by chapter 524 of the laws of that year, the Legislature passed an act requiring the Attorney-General to prepare and report a bill to repeal the statutes superseded by the new Penal Code of 1881 and in pursuance of that direction chapter 593 of the Laws of 1886 was passed. That omnibus repeal law repealed section 26 of title VII of chapter I of part IV of the Revised Statutes of New York.

It is offered as a possible explanation that some textbooks refer to the fact that the Penal Code of 1881 did away with the doctrine of merger in this State. If that be the fact, the merger doctrine refers to mergers between misdemeanors and felonies and not to mergers between two felonies. Both an attempt to commit a crime and assault with intent to commit a crime, although misdemeanors under the common law, had long before 1865 been made felonies in this State.

The problem then is to interpret section 260 of the Penal Law in the light of its history. It now reads: " § 260. * * * A person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime was consummated, *unless the court, in its discretion, discharges the jury and directs the defendant to be tried for the crime itself.*" (Italics mine. Note: The italicized portion of the statute is probably unconstitutional in view of the decision in *People ex rel. Blue* v. *Kearney,* 292 N. Y. 679, affg. 181 Misc. 981.)

This statute must be construed with section 610 of the Penal Law and sections 444 and 445 of the Code of Criminal Procedure. These sections find their origin in the Revised Statutes and were continued in force and effect by the revisers in 1881. (See Rev. Stat. of N. Y., part IV, ch. I, tit. VII, § 27; and Penal Code of 1881, § 36.) These sections read: Section 610 of the Penal Law: " Upon the trial of an indictment, the prisoner may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime."

Section 444 of the Code of Criminal Procedure: " Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime."

Section 445 of the Code of Criminal Procedure: " In all other cases, the defendant may be found guilty of any crime, the

commission of which is necessarily included in that with which he is charged in the indictment."

It is important to note that section 610 of the Penal Law appears under the article entitled " Conviction " and sections 444 and 445 of the Code of Criminal Procedure under the chapter entitled " The Verdict ".

In brief, these sections provide that where the consummated crime is charged, the defendant *on the trial* may be convicted of the crime charged or of a lower degree of the crime or of an attempt to commit the crime or of any crime " necessarily included " in the crime charged.

Most other States, in common with New York, have enacted similar statutes. In interpreting these statutes as they apply to attempts and assaults with intent to commit a crime, it has been judicially pointed out that the authorities are not in agreement respecting the propriety of convicting one of an attempt where the evidence shows him guilty of the completed offense. (See *People* v. *Baxter,* 245 Mich. 229.)

In some jurisdictions a conviction of an attempt or of an assault with intent to commit the crime may be sustained even though the proof shows the commission of the completed offense. (*People* v. *Horn,* 25 Cal. App. 583; *State* v. *Benson,* 91 Mont. 21; *Lowell Tackett* v. *The State,* 136 Tex. Cr. Rep. 445.) A careful study of these cases indicates that the courts believed the defendant could, on the evidence, have been convicted of the completed crime; that he should not therefore complain if he is convicted of a lesser crime.

But in other jurisdictions, the rule is that there may be no conviction of an attempt, or of an assault with intent to commit the crime, if the evidence establishes consummation of the crime. (*Broadhead* v. *State,* 24 Ala. App. 576; *The People* v. *Lardner,* 300 Ill. 264; *The State* v. *Mitchell,* 54 Kan. 516.)

In *Broadhead* v. *State* (*supra*) under a statute similar to section 610 of the Penal Law, the defendant was charged with the consummated crime. In spite of the fact that the evidence clearly established consummation, the Trial Judge charged the attempt over the objection of the defendant. The court said (p. 578) : " The vice of the charge given by the court, and above quoted, lies in the fact that the jury is given a discretion not warranted in law. If the evidence discloses, without conflict, a consummated crime, the verdict must be one of conviction or acquittal. If, on the other hand, the evidence falls short of a consummated crime, but does establish an attempt, a conviction could be had for that crime. The two crimes are separate and

distinct, and there is no room for a compromise verdict or the exercise of a discretion by the jury not based upon the facts.''

The cases cited in the last paragraphs are concerned only with those situations where the higher crime is charged and the defendant is convicted of the attempt or assault. In *Cook* v. *The State* (24 N. J. L. 843) it was held that on an indictment for *assault* with intent to rape, on proof that the accused was guilty of the completed offense, he must be acquitted not because innocent of the assault but because the assault is *merged* in the completed offense so that in legal effect only one crime was committed.

But it has also been held that under a statute similar to our section 260 of the Penal Law, expressly permitting convictions of *attempts* (not assaults, it should be noted) where it appears on the *trial* that the crime was consummated, accused may be convicted of the attempt, despite proof of the completed offense. (*State* v. *Benson,* 91 Mont. 21.) In the aforesaid case, it is clear that the evidence fully justified the defendant's conviction of the consummated crime. The decision also indicates that the defendant made no objection before or during the trial, that the indictment charged only the attempt when the evidence established the consummated crime.

The decisions in this State also give us some clues as to the meaning of section 260 of the Penal Law in relation to the other statutes under consideration (Penal Law § 610; Code Crim. Pro., §§ 444, 445). As previously stated, these latter sections provide that where the consummated crime is charged, the defendant on the *trial* may be convicted of (a) the crime charged, (b) a lower degree of the crime charged, (c) an attempt to commit the crime charged or a lower degree thereof or (d) any crime '' necessarily included '' in the crime charged. The statutes of course contemplate an indictment for the main crime and permit convictions of lower degrees, attempts and included crimes. However, the statutes do not prevent the district attorney from charging in separate counts in one indictment all the lower degrees and attempts and crimes necessarily included if he so desires and which he frequently does. The statutes, which incidentally are all declaratory of the common law (*Dedieu* v. *People,* 22 N. Y. 178) do away with the necessity of charging in separate counts all degrees, etc., but more important also make less difficult for the district attorney, his election as to which crime he will charge. If there is some doubt, for instance, as to whether or not a crime was consummated, he may indict for the consummated crime. On the trial he may

prove only the attempt or a lower degree but the prosecution does not fail because he did not in the first instance indict for the attempt or lower degree.

So much for the statutes. The decisions hold that to convict one of a lesser degree of the same crime for which he is indicted, the facts proved or sought to be proved must logically justify conviction for such lesser degree of crime. (*People* v. *Thompson,* 198 N. Y. 396, affg. 136 App. Div. 911; *People* v. *Murch,* 263 N. Y. 285; *People* v. *Martone,* 256 N. Y. 395; *People* v. *Seiler,* 246 N. Y. 262.)

And also, where the consummated crime is charged and clearly proved, there may be no conviction for an attempt or assault with intent to commit the crime. (*People* v. *Cosad,* 253 App. Div. 104; *People* v. *Aldrich,* 58 Hun 603, opinion in 11 N. Y. S. 464.)

Also that a requested instruction of the trial judge authorizing a conviction of a lower degree or an attempt should ordinarily be granted unless there is no possible view of the facts which would justify any verdict except conviction of the crime charged. But where. the evidence conclusively establishes the crime charged and not the attempt or the lower degree, the requested instruction should be denied. Conversely, where the Trial Judge seeks to charge lower degrees or the attempt and the facts conclusively establish the crime charged and no other, it is error to deny the defendant's request to go to the jury on the crime charged and no other. This latter rule applies even where the lower degrees or attempt or assault with intent to commit the crime are also charged as separate counts in the indictment. The court on its own motion *may* but on motion of the defendant *must* dismiss all the counts which the evidence does not establish and charge only those counts which the evidence does establish. (*People* v. *Aldrich, supra; People* v. *Dartmore,* 48 Hun 321; *People* v. *Meegan,* 104 N. Y. 529; *People* v. *Smith,* 187 N. Y. S. 836; *People* v. *Travis,* 172 App. Div. 959.)

In *People* v. *Cosad* (253 App. Div. 104, 105–106, 108, *supra*) the indictment charged the defendants with rape in the first degree. They were found guilty of attempted rape. The court said: "The defendants have been absolved of the crime of rape, and have been found guilty of an attempt to perpetrate the very crime which, according to the undisputed evidence, they actually committed. The verdict is most illogical, and should not be permitted to stand. Under the circumstances disclosed by this record, neither section 610 of the Penal Law nor section 444 of the Code of Criminal Procedure may be availed of to uphold the judgment of conviction.

" An attempt is an endeavor to do a certain act, but which falls short of execution. (*People* v. *Collins*, 234 N. Y. 355, 359.)

" ' An act, done with intent to commit a crime, and tending *but failing to effect its commission,* is " an attempt to commit that crime." '   (Penal Law, § 2.)

" How then can a person be convicted of an attempt to commit a crime when his effort has been successful? In such a case his course of conduct has brought his endeavor to its full fruition.   Failure to consummate the crime is as much a requisite to an attempt to commit it as the endeavor itself, or as the performance of an overt act towards its commission. (*Sullivan* v. *People*, 27 Hun, 35, 38; *State* v. *Mitchell*, 54 Kan. 516; 38 P. 810; *Graham* v. *People*, 181 Ill. 477, 488, 489; 55 N. E. 179; *Patrick* v. *People*, 132 Ill. 529, 534; 24 N. E. 619; *Hicks* v. *Commonwealth*, 86 Va. 223, 226; 9 S. E. 1024.)

" Notwithstanding the provisions of section 610 of the Penal Law and section 444 of the Code of Criminal Procedure, it has repeatedly been held that the power to convict of an attempt to commit a crime exists only in cases where the evidence justifies such a conviction.   (*People* v. *Murch*, 263. N. Y. 285, 289; *People* v. *Martone*, 256 id. 395, 397; *People* v. *Seiler*, 246 id. 262, 266.)

" To successfully defend the verdict in the instant case, the jury must have found that the defendants failed to accomplish their purpose.   There is not a scintilla of evidence to sustain such a finding.   The proof all points in the opposite direction. The conviction here stands with no evidence to support it.   * * *   It is urged that because a conviction for rape cannot be had upon the unsupported testimony of the woman defiled (Penal Law, § 2012), and because the complainant's evidence of penetration was not corroborated, the jury was justified in rejecting that part of her testimony and accepting the rest. The Penal Law does not brand the unsupported evidence of a ravished female as totally unreliable; it simply says that her assertions, because of the difficulty of disputing them, must be supported by other evidence before a defendant can be convicted of rape.

" The complainant's evidence as to the actual completion of the crime is not disputed or discredited, nor is it suspicious, unlikely, improbable or incredible.   Under these circumstances we must, I think, accept it, along with the other testimony of the complaining witness, or all of her evidence must be repudiated.

" A defendant may not be found guilty of a crime in any case when there is a reasonable doubt of his guilt. (Code Crim. Proc., § 389.) Whether we accept or discard the testimony of the prosecutrix relating to the actual sexual penetration, the defendants have not been proven guilty beyond a reasonable doubt of the crime for which they have been convicted. The doubt is all the other way. If we are to believe anything the complainant has said — if we are to credit her testimony as to the efforts of the defendants to defile her — there can be little, if any, doubt that appellants were successful in their endeavor. Under these circumstances I hardly see how the failure of the People to cor·roborate complainant's testimony as to the completion of the offense can be availed of to save this verdict."

In *People* v. *Aldrich* (58 Hun 603 [1890], opinion in 11 N. Y. S 464, 465, *supra*) the defendant was charged with *both* rape and assault with intent to rape. The defendant was convicted of the assault. The facts established that the crime of rape was consummated. The court said: " This crime consists of an act intended to result in the felony, but failing to complete that crime, and the defendant could be lawfully convicted of the assault only upon evidence proving the assault, but failing to consummate the crime really intended to be committed, and which was the final object of the assault. But that was not the offense which the evidence tended to prove. For that, if it could be accepted by the jury as credible, proved the alleged intent to have been fully consummated, *and that merged the assault in the higher*, and what was the completed, crime, and to convict the defendant of the assault on this evidence was to convict him of what it did not in any legal sense tend to prove was his crime. It was a conviction without evidence of the offense for which the verdict was rendered. *In the course of the submission of the case to the jury the court was asked to charge ' that there is no evidence here to sustain any verdict, except the crime of rape.'* The court declined to give this instruction otherwise than had already been charged, and to that the defendant's counsel excepted. And this exception was well founded, for the jury had not been instructed to that effect by the court. But the directions they had received placed them at liberty to convict the defendant of an assault in the second degree, and that there was no evidence to sustain." (Italics mine.)

In *People* v. *Dartmore* (48 Hun 321, 323 [1888]) the defendant was indicted for assault in the first degree and the credible evidence established either assault in the first or second degree. The court so charged. The defendant requested that the court

also charge the attempts to commit assault first and second degreé. The court refused. On appeal it was urged that since section 685 (now § 260) of the Penal Law permitted a conviction of the attempt even though the consummated crime is proved, the defendant was entitled to have the attempts charged. The appellate court sustained the trial judge and said: " The serious question in this case is presented by section 685 of the Penal Code, by which a person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime was consummated, unless the court in its discretion discharges the jury and directs the defendant to be tried for the crime itself. That section, however, though somewhat indefinite, seems to be applicable only to a trial upon an indictment for an attempt to commit a crime and not to a trial upon an indictment for the crime itself, for if the indictment was for the crime itself there would be no necessity for discharging the jury and directing the defendant to be tried for the crime, as he would then be on trial therefor."

In *People* v. *Jordan* (125 App. Div. 522, 525–526) the defendant was convicted of robbery, first degree. It appeared that the jury on the evidence might have been justified in convicting of larceny. The trial court charged only robbery, first degree. No exception was taken to the charge. On appeal the defendant contended that the judge should have charged the degrees of robbery and larceny. The court said: " It is a proper element of a charge to the jury on a criminal trial to instruct them as to the various degrees of the crime charged against a defendant and to advise them under what conditions of the proof  *  *  * they may render a verdict of guilty of a lessef degree. In the absence of a request on the part of the defendant, however, it is not error for the court to fail to instruct the jury with respect to lesser degrees. (*People* v. *Meegan*, 104 N. Y. 529; *People* v. *Granger*, 187 id. 67.) When the court is satisfied that the verdict is against the weight of evidence, or is against the law, or that justice requires a new trial, it *may* reverse, whether an exception has been taken or not in the court below; but it is only *required* to do so when an error is raised by proper exception. (*People* v. *Tobin*, 176 N. Y. 278, 288.) "

The foregoing decisions interpreting section 610 of the Penal Law and sections 444 and 445 of the Code of Criminal Procedure give us a fairly clear pattern of the place of section 260 of the Penal Law in the overall scheme.

We have seen that section 260 of the Penal Law applies to cases where the indictment charges only the attempt. Other-

wise there would be no necessity on proof of the consummated crime to provide for sending the case back to the grand jury.

We have also seen that where the consummated crime only is charged in the indictment and clearly established on the trial, the defendant is entitled to go to the jury on the consummated crime. If the judge charges the attempt over the exception of the defendant, it constitutes reversible error.

We have also seen that where the indictment charges *both* the consummated crime and the attempt and/or the assault with intent to commit the crime, and the evidence conclusively establishes the consummated crime, the defendant's motion to dismiss the attempt and assault counts must be granted; if not, it constitutes reversible error.

Of course, in either of the above cases, (i.e., where the indictment charges the consummated crime only or the consummated crime and the attempt and/or assault), if the defendant on hearing evidence which establishes conclusively that the crime was consummated, permits the trial judge without objection to charge the attempt or assault, and he is convicted of one of those crimes, he cannot complain. It is not necessary to decide what power the appellate court may exercise in such instance but certainly if the proof establishes the defendant's guilt of the consummated crime, the verdict for the lower crime should not be disturbed.

But what happens under section 260 of the Penal Law to the defendant's right to insist on a trial for the consummated crime where the evidence establishes consummation? He stands indicted for the attempt only. May he, after proof of consummation on the trial, move to set aside the indictment? He has the right to have the attempt count dismissed on the trial, when the indictment charges both the crime *and* the attempt. Does section 260 deprive him of that right which he had prior to the adoption of that section — the right to insist that he be tried only for the consummated crime?

I believe the legislative intent is clear. Under the law as it existed prior to 1881 and under the common law, a defendant could be convicted of the attempt on the charge of the completed crime. If the evidence of consummation was uncertain, the district attorney could indict for the crime alone, or for both the crime and the attempt. And in either case, if the People failed to establish consummation, the jury could convict of the attempt. What then did the Legislature and the revisers have in mind when they included section 260 (then § 745 of the Commissioners' Report of 1865) in the Penal Code of 1881?

It is clear that the section could be applicable reasonably to one set of circumstances. The indictment in the first instance must be for the attempt. Such an indictment would be requested by a district attorney only when he believed that the crime was not consummated. If he were merely uncertain he would indict for the crime itself or the crime and the attempt. Suddenly on the trial he is confronted with proof of consummation. Before the adoption of section 260, the defendants would have had the right to dismiss the indictment. Under section 260 the Legislature clearly intended to deprive the defendant of that right and vest the discretion in the court to either continue the trial or send it back to the grand jury for indictment for the consummated crime.

Of course I do not pass on the constitutional question involved if the latter course is followed. (See *People ex rel. Blue* v. *Kearney,* 292 N. Y. 679, *supra.*) Nor do I pass on the defendant's rights on appeal if he makes proper objection to the continuance of the trial for the attempt after consummation is conclusively established by the evidence. It is clear, however, that if he permits the trial to continue without objection or proper exception to the charge, he should not complain that he has been convicted of a lesser crime than is established by the evidence.

But one thing it seems to me is clear from a study of the statute and the decision. Section 260 by its very language is clearly applicable to a *contingency* arising on the *trial* of a case. *Before* the trial, however, the defendant is not deprived by that section of his right to move to dismiss an indictment which charges him with an attempt where the evidence before the grand jury conclusively establishes that the crime was consummated.

Section 610 of the Penal Law and section 444 of the Code of Criminal Procedure have never been interpreted to deprive a defendant of his right to dismiss an indictment on the grand jury minutes, *before trial* where the evidence before the grand jury establishes the lower degree or attempt only. If an indictment charges burglary in the first degree and the evidence before the grand jury establishes only burglary in the third degree, proof of an essential element of the higher degree being absent, the court must dismiss the indictment notwithstanding the fact that section 610 of the Penal Law and section 444 of the Code of Criminal Procedure permit a conviction *on the trial* of the lesser crime.

And notwithstanding section 445 of the Code of Criminal Procedure, a defendant may move *before trial* to set aside an indictment for robbery where the evidence before the grand jury shows a complete absence of proof of force or fear but only establishes the included crime of larceny.

I therefore hold that while under section 260 of the Penal Law it is possible under certain circumstances to *convict* a defendant of attempted rape where the evidence clearly establishes the consummated crime, that section does not deprive the defendant of his right to dismiss the indictment *before trial* where he is charged with attempting to commit a rape which the undisputed evidence before the grand jury clearly establishes was actually consummated. This, of course, does not deprive the People of the right to indict the defendant for the consummated crime with leave of the court.

*People* v. *Samuels* (259 App. Div. 167, affd. 284 N. Y. 410) and the cases discussed therein are not in my opinion contrary to the above holdings. Of course if an indictment or an information in a single count alleges facts which constitute both a higher degree and a lower degree of a crime, or both a felony and a misdemeanor, the defendant may not be heard to complain because the district attorney elects to charge or try him for the lesser offense. My discussion is concerned with indictments where the degrees or included crimes, or attempts and assaults are mutually exclusive because of the existence or nonexistence of some essential element of the crime, for instance, daytime or nighttime in arson cases, with an accomplice or without an accomplice in robbery cases or consummation or nonconsummation in rape cases.

Of course, section 260 applies exclusively to attempts, not to assaults. In the absence of any express statute permitting a conviction of an assault with intent to commit a crime on proof of the consummated crime, the question is fairly clear of doubt. I hold that a defendant has the undoubted right when indicted for an assault with intent to commit a crime, to move to set aside the indictment *before trial,* if it appears conclusively from the grand jury minutes that the crime was consummated.

*People* v. *Aldrich* (58 Hun 603, opinion in 11 N. Y. S. 464, *supra*) goes further and holds that if proper objection is made *at the trial,* a conviction for assault with intent to rape will be set aside on appeal, if the appellate court is satisfied that the consummated rape was proved. In that case, the defendant at the trial asked the court to charge only the consummated crime. The appellate court ruled that the assault was merged in the rape.

I do not believe that *People* v. *Tavormina* (257 N. Y. 84) is contrary to my holding. There the defendant demurred to an indictment for conspiracy on the ground that the overt acts alleged showed the conspiracy to have been consummated. The court said at page 94: " In the case at bar the conspiracy alleged is a crime and not an essential part of the felonies to accomplish which it was entered into. Under such circumstances the crime of conspiracy does not merge in the felonies described in the allegation of overt acts." And at page 92: " The crime of conspiracy to defraud is quite different than the crime of assault with intent to commit a felony, in which the very act constituting the assault may also constitute the felony."

In other words it is quite possible to commit any crime without having first a conspiracy to commit the crime; but it is impossible to commit certain crimes like rape, robbery or murder without first having an assault with intent to commit those crimes. The theory is that in the latter cases the assault merges with the completed crime.

It is not necessary for me to decide whether a defendant who allows himself to be tried without objection for the assault with intent to commit a crime which the proof shows has been consummated, may be convicted of the assault. I assume that the appellate courts if the evidence establishes his guilt of the consummated crime, will hold that he cannot complain if he is convicted of the assault.

On this motion, I decide that where the evidence before the grand jury clearly establishes that a rape has been consummated, a motion to dismiss an indictment for an attempt to commit rape and for assault with intent to commit rape, must be granted.

For the aforesaid reason and for the reason that there is insufficient corroboration as a matter of law to support the testimony of the prosecutrix " defiled ", the motion is granted. Leave is granted to the district attorney to resubmit to the March Grand Jury if he so desires.